# SUPREME COURT OF LOUISIANA,

IN THE

## WESTERN DISTRICT, AT ALEXANDRIA,
### COMMENCING, OCTOBER, 1844.

~~~~~~~~~~~~~~~~~~~~

PRESENT:

Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

~~~~~~~~~~~~~~~~~~~~

In the matter of JOHN T. MASON, Clerk of the District Court for the Parish of Madison.

The affidavits of parties by whom proceedings had been instituted for the removal of the clerk of a court, made on commencing the prosecution, cannot be read as evidence on the trial, where they have not attended, nor afforded the accused an opportunity of cross examining them.

The act of 19th February, 1825, relative to the recording of judicial proceedings, was intended to provide more effectually for the preservation of the evidence of judicial decisions; and it is as much the duty of clerks of court to comply with its provisions, as to perform any other official duty for which they are allowed a fixed compensation.

Prescription is not interrupted by the mere filing of a petition, but by the service of process subsequently issued.

BULLARD, J. During the vacation, several persons, stating themselves to be citizens of the parish of Madison, and, among

others, I. Walter Phillips, and three other attornies-at-law, presented to the judges of this court in chambers, their petition, setting forth certain charges against John T. Mason, Clerk of the District Court for the parish of Madison, and praying that he might be suspended, and after due proceedings removed from office. Whereupon he was ordered to be cited, to show cause at the present term why he should not be removed, and was, in the meantime, suspended, after the appointment of a clerk *pro tempore* by the judge of the district.

The charges set forth in the petition were ; *First*, that he had wholly neglected to comply with the provisions of an act of the Legislature, entitled an " Act to provide for the recording of judicial proceedings," approved February 19th, 1825. B. & C's. Digest, 599.

*Second.* That said Mason, under color of his office, did falsely alter a certain certificate, or attestation of the date of the filing of a petition, filed in a suit entitled *George B. Gifford* v. *James and Phœbe Carter*, No. 58, Parish Court of said parish, which alteration was made to screen the said Mason from the consequences of his neglecting to have the citation &c, founded on said petition, placed in the hands of the sheriff in due time, and before the demands became prescribed, said petition having been filed by Henry Mason, as deputy clerk, on the 9th day of February, 1839, and endorsed and certified to that effect, which certificate was altered by the said John T. Mason, or, with his knowledge and consent, in such a manner as to make it appear that said petition was filed several weeks after the time above specified, and at a time when the debt was already prescribed.

*Third.* That the said Mason did, under color of his office, without authority of the court, and contrary to law, enter and record upon the minute book of the District Court for the parish of Madison, a mandate of the Supreme Court in a certain suit. No. 412, as if the said entry and record had been made " by order" in open court, and that the entry of said judgment was thus made for the purpose of giving an undue advantage to one of the parties to said suit. That the counsel for the party thus aggrieved and intended to be injured by said illegal entry, complained thereof in open court, and called the attention of the

court to the misconduct of the said clerk, which public reproof of said Mason is believed to have been the origin and cause of the death of said counsel, David Bradford, Esq., by the hand of said Mason, for which he is now held to bail on a charge of murder; and the petitioners submit that, while under so grave a charge, the said clerk is virtually disqualified from acting as such, in the same court in which he has to be arraigned for murder.

The answer of Mason, filed at the commencement of the present term, contains a denial of the first and second charges, and an explanation of the circumstances relative to the third. This explanation will be noticed hereafter, together with the evidence in support of it. We proceed now to consider the charges, in their order, and to enquire how far they have been supported by evidence.

I. The penalty for neglecting to comply with the act of 1825, entitled an act to provide for the recording of judicial proceedings, is very severe, and such as would leave this court no discretion, whenever the charge is fully made out. The act declares that any clerk neglecting or refusing to comply with the provisions of the act, shall be considered as guilty of a breach of good behavior, and on due proof thereof be removed from office. The duty imposed upon the clerk by that statute is, within six months of the rendition of final judgment in all cases decided in said court, to record in a well bound book, the petition, answer, orders of court, interlocutory judgments, together with the final judgment rendered thereon; and, in case of appeal, they are to record the judgment of the Supreme Court, within six months, together with the other proceedings. For these services the clerks are allowed certain fees, to be taxed with the other costs. Copies taken from these record books are declared to be good evidence, in the event of the loss or destruction of the original documents directed to be recorded.

The intention of the Legislature was to provide more effectually for the preservation of the evidence of judicial decisions between the citizens; to guard them against the casualties to which they are exposed, by the loose manner in which they are generally kept; and to furnish more secure muniments of titles.

to property, so far as they depend upon the judgments of the tribunals of the State. It is is as much the duty of the clerks to carry into effect this law, and to comply with its provisions, as to perform any other official duty for which they are allowed a fixed compensation.

The evidence as it relates to John T. Mason, is, that previous to the charge made against him, about two hundred suits had been recorded in pursuance of the law. That during the winter of 1840, and the spring of 1841, he had a deputy who did nothing but record, and another to attend to the issuing of process. That the number of suits instituted in the parish of Madison, is between eight and nine hundred, a large number of which are now pending, and some on appeal. That when Mason was suspended he had two deputies, one of whom was recording, and did nothing else. It further appears that of the whole number of suits brought, about three hundred are yet pending.

The *ex parte* statement of the prosecutors, who have failed to attend, and who have afforded the accused no opportunity to cross-examine them as witnesses, cannot be regarded by us as legal evidence upon this trial. The evidence regularly before us, taken by the commissioner appointed at the beginning of the term, has failed to satisfy us that, at the date of these charges, the clerk was in default in recording the judicial proceedings, in cases in which final judgments had been rendered more than six months previously.

II. The second charge is wholly unsupported by evidence, although one of the prosecutors was the attorney of the party alleged to have lost his claim by prescription, in consequence of the act of the accused, and he has given no excuse for not coming forward to support the charge, if true. It is worthy of remark, also, that prescription is not arrested or interrupted by the mere filing of a petition, but by the service of process issued afterwards, and it is not alleged that any demand was made to issue such process, and refused, before prescription was acquired.

III. In relation to the third charge, the depositions of witnesses show, that the facts set forth in Mason's answer in ex-

In the matter of John T. Mason.

planation, are true. That he was directed by the court to leave a blank in the minutes, in which to insert a mandate of the Supreme Court, when it should be received. That it was not handed to him during the term, but that he received it in March following, from the clerk of this court, and then inserted it in the place left for that purpose. It further appears by an affidavit of Mr. Stacy, counsel for one of the parties in the case in which the mandate was issued, that during the November term the opposite party was in possession of a copy of the decree of this court or its mandate, which the clerk of this court had forwarded by, or handed to Mr. Copely, by whom it is stated, in the affidavit, it was handed to Mr. Amonett, and was by him handed to the plaintiff, R. C. Downes. A rule was taken upon the counsel to produce it during the term, but without effect. A second copy was afterwards procured, and entered on the minutes in the manner stated above.

This proceeding may have been irregular, but we see nothing in it to criminate the clerk. It does not appear that after the mandate was filed during the vacation, he took upon himself to carry it into effect by issuing execution without the authority of the court. The blank was left, supposing that the mandate would be received during the term, and that it would be handed over to the counsel of Scott, the appellee, in whose favor the judgment had been rendered in this court, and to whom the clerk would naturally furnish a copy of the opinion to be registered in the court below.

The allusion to the killing of Mr. Bradford, in consequence of these disputes, might well have been spared us, inasmuch as it is shown that the defendant has been acquitted by a jury; and more especially as one of the prosecutors, an attorney, who was drawn on the grand jury in a manner not explained to us, and declined to avail himself of his privilege as an attorney to be excused from serving, though offered by the judge, was sworn as foreman of the grand jury, by whom the bill of indictment was found against Mason.

The charges against the accused are, in our opinion, unsupported by evidence.

It is, therefore, ordered, that the rule be discharged, with costs,

to be paid by the prosecutors *in solido*, and that the defendant, John T. Mason, be reinstated in office.

*Stacy, Sparrow, Dunbar* and *Elgee*, for the clerk.