Z. Porche *v.* P. M. Moore, Administrator, et al.

The donee is a universal one in the sense of Article 1539 of the Civil Code, when the donor has given to him all his property, reserving only enough to himself for subsistence.

The specification of each particular thing given, in the act of donation, does not change the character of the donation so as to avoid the obligation, on the part of the donee, of paying the debts of the donor.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. *A. Provosty*, for plaintiff. *F. H. Farrar* and *John Yoist*, for defendant and and appellant.

Land, J. This is a suit to recover from the donee a debt due by the donor to the plaintiff, at the date of the donation.

In the year 1852, *Onil Bourgeat* made a donation *inter vivos* of certain land and slaves, to *Constance Dumoulin*, which embraced nearly the whole of his property, reserving, however, as a charge upon the property, an annuity of four hundred dollars, payable to himself.

In the suit of *Blanche E. Bourgeat* v. *Constance . Dumoulin*, this act of donation was adjudged by this court to be valid. 12 An. 204.

The only question now presented on the merits for decision is, whether the donee is liable for the debts of the donor, existing at the date of the donation.

Independently of the general rule, that the property of the debtor is the common pledge of his creditors, Articles 1538 and 1539 of the Civil Code provide, that the property given passes to the donee, with all its charges, and that the *universal donee* is bound to pay the debts of the donor existing at the time of the donation, or to abandon the property given.

*Constance Dumoulin* was certainly a universal donee—for the donor scarcely reserved property enough for his personal maintenance.

The Articles of the Code defining universal and particular legacies, have no application to donations *inter vivos*.

Legacies or donations *mortis causa* are different in many essential particulars from donations *inter vivos*, and are governed by different rules.

Legacies may be made of *future* as well as *present* property. C. C. 1455, 1599.

They do not divest the donor or testator of his title to the property given, and cannot take effect during the lifetime of the donor, and are revocable. C. C. 1455, 1683. They do not become null and void for want of acceptance before the death of the testator. C. C. 973. They may embrace *the whole* of the donor's property. C. C. 1455, 1599.

Donations *inter vivos* are different in all these respects. The donor is divested of his title, and the donation takes effect, *in presenti*, and is irrevocable. C. C. 1454. They become null and void for the want of acceptance in the lifetime of the donor, and *cannot embrace the whole* of the *donor's property*, under the *pain of nullity*. C. C. 1488, 1527. And can only comprehend *the present property* of the donor. C. C. 1514.

Where dispositions of property are so radically different in their nature, and the rules by which they are governed are so adverse, it would seem to be a mis-

31

PORCHE
*v.*
MOORE.

application of law, to decide a question as to the *validity or effect of one*, by the rules prescribed for the other.

Under the head of donations *inter vivos*, the Code treats of universal donees; and under the head of donations *mortis causa*, it treats of universal legatees. A donation *inter vivos*, of *all the donor's* property, is expressly forbidden and declared null for the whole. C. C. 1484. A donation *mortis causa* of all the donor's property is expressly permitted, and is valid, and the *universal legatee is one* to whom the *whole of the donor's property* is given. C. C. 1599, 1455.

Who then is a *universal donee* in the sense of Article 1539 of the Civil Code?

If the question is decided by the law of legacies, the *universal donee* is one to whom the *whole* of the donor's property is given—but such a donation is null and void under Article 1484 of the Civil Code, and, therefore, can not be.

If the question is determined by the law of donations *inter vivos*, the universal donee.is one to whom *less than all the property* of the donor is given, because the donor is bound to reserve to himself enough of his property for his subsistence and cannot, therefore, give the whole.

To determine the question by the law of donations *mortis causa*, the conclusion is, there can be *no universal donee* under the law of Louisiana, although the lawgiver has declared otherwise, and imposed on him the obligation of paying the debts of the donor existing at the date of the donation.

Such a decision would not be in pursuance of the law, but against its express and plain provisions.

It seems, therefore, clear, that the question cannot be determined by the law of donations *mortis causa*, but must be decided by the law of donations *inter vivos ;* and that the *universal donee is one to whom less than all the donor's property is given.*

In this case, *Onil Bourgeat* gave all his property to *Constance Dumoulin*, reserving only enough to himself for subsistence, and the donee is a universal one, in the sense of Article 1539 of the Civil Code.

The specification of each particular thing given in the act of donation, cannot have the effect of changing the character of the donation, and avoiding the obligation of paying the debts of the donor; for the reason that such an interpretation of the law, would provide an easy mode for its evasion.

The donee, *Constance Dumoulin*, has, however, pleaded, in this court, the prescription of one, three, and five years, to the plaintiff's action. The suit is on a promissory note, payable to the order of plaintiff, and the prescription of five years is applicable. The note became due on the 1st day of March, 1853, and the petition was filed on the 24th of February, 1858; but the record contains no citation, and the defendant did not appear and answer the petition, until the 18th of March, 1858, more than five years after the maturity of the note.

Prescription is not interrupted by the filing of a petition in the Clerk's office; but by service of citation or appearance, and answer of defendant. *Bonnet* v. *Ramsey*, 6 N. S. 130; *Matter of Mason*, 9 Rob. 105.

The plaintiff has the right to have the cause remanded, on the plea of prescription.

It is, therefore ordered, adjudged and decreed, that the judgment be reversed, and the cause remanded for further proceedings according to law; and that plaintiff pay the costs of this appeal.

MERRICK, C. J., dissenting. The plaintiff appears to me to have mistaken his remedy. The donation does not appear an universal donation, (which is allowed

PORCHE<br>v.<br>MOORE.

in certain marriage contracts,) as is evident, to my mind, by a comparison with the analogous subject of donations *mortis causa*. Besides, if the obligation is intended to be imposed upon the donee to pay the debts of the donor, the contract ought to be made in the form of an universal donation, in order that he may know his liability.

*Æris alieni, quod ex hæreditaria causa venit, non ejus qui donationis titulo possidet, sed totius juris successoris onus est. Si itaque nemini obligata prædia per donationem consecuta es; supervacuam geris solicitudinem, ne vel hæredes donatricis, vel ejus creditores te jure possint convenire.* Code Lex. 15, lib. 8, t. 54.

Savigny says, (in reference to the Roman law,) if any one makes a donation by delivery of every individual thing constituting his entire estate, and there is nothing said in regard to his debts, no obligation is imposed upon the donee to pay them. But he adds, if the conveyance be made in the dishonest intention of injuring the creditors, they have against the donee the *Pauliana actio* in which it is of no consequence whether the donee was privy to the dishonest intention or not. Vol. 4, p. 139, Berlin ed.; Zachariæ, seconde partie, liv. 2d, sec. 315.

The donation in this case was of certain enumerated things. They are not declared to constitute, nor did they, in fact constitute, as we have already decided, the entire estate of the donor. The donee then took by particular title. Her title might, therefore, have become the basis of prescription, and was not affected by defects in her author's title. See *Black* v. *Pontalba*.

If the donation were in fraud of plaintiff's right, it is governed by Art. 1975 of the Civil Code, which is in these words:

"If the contract be purely gratuitous, it shall be presumed to be in fraud of creditors, if at the time of making it, the debtor had not, over and above the amount of his debts, more than twice the amount of the property passed by such gratuitous contract."

I think a judgment ought to be rendered in favor of the defendant, *Constance Dumoulin*, as in case of a nonsuit.