MAUNSEL WHITE and others *v.* THE COMMISSIONERS OF THE MERCHANTS BANK OF NEW ORLEANS.

Where the matters to be investigated are necessarily connected with and incidental to a main action, or a direct consequence of it, proceedings by a rule to show cause, in a summary way, are often convenient and legal ; but such a mode of proceeding will not be permitted to supplant the regular rules of practice, or tolerated when intended to evade the plain provisions of law, by obtaining indirectly, what could not be obtained by a direct action.

The Merchants Bank of New Orleans, having surrendered its charter, under the act of 14th March, 1842, ch. 98, providing for the liquidation of banks, a judgment dissolving the corporation was rendered, commissioners appointed to close its affairs, and all judicial proceedings against it stayed. Plaintiffs having obtained a rule on defendants, to show cause why certain checks drawn by, or on the bank, should not be received by the commissioners in compensation of a debt of plaintiffs to the bank, and the evidence of such debt given up : *Held,* that the act having declared that, in all matters not otherwise provided for, the proceedings for the liquidation of the banks shall be the same as those prescribed in the acts relative to the voluntary surrender of property, and no especial provision having been made, the rule must be discharged.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Barker,* for the petitioners.

*T. Slidell,* for the appellants.

GARLAND, J. The petitioners allege that they are, as the acceptors of a certain draft, or bill of exchange, indebted to the

Merchants Bank of New Orleans, now in a course of liquidation, in the sum of $1700, which they aver that they are anxious to pay. They state that they have tendered to the commissioners, in payment, a protested check of the said bank, for $1500, and a check of Horace Bean & Co. on the said bank for money deposited therein, and standing to their credit, which checks, with interest and damages, amount to more than $1700. They allege that the Commissioners refuse to receive said checks in payment, unless authorized by the court. It is, therefore, prayed, that *a rule* may be granted to them, on said Commissioners, to show cause within four days, why the said checks should not be received; and the note ordered to be delivered to the petitioners.

The Commissioners, for answer, state that they are the holders of a draft accepted by the petitioners, which is not yet due. They aver, that the petitioners are not entitled to *the relief they* ask, and if they are, that they cannot obtain it in this mode of proceeding; and they deny generally the allegations.

The facts are, that on or about the 9th of February, 1842, the Merchants Bank, not being then in liquidation, received from Henry Boyce, his draft on M. White & Co. for $1700, payable at twelve months, which was accepted. About three months before the draft became due, the acceptors, White & Co., made an arrangement with H. Bean & Co., by which the latter firm, let the former have a protested check of the Merchants Bank of New Orleans, on the Merchants Bank of New York, for $1500, with interest, damages, and costs, and also a check of said H. Bean & Co. on the former bank, for $65 32, which it is averred, made up the sum of $1700. The agreement was, if the checks could be made available in discharging the acceptance, that White & Co. were to pay the amount of them, less a discount of twenty per cent, at the time their acceptance should fall due; but if the checks could not be made available, that Bean & Co. were to take them back. The checks were presented to the Commissioners about three months previous to the maturity of the draft, and its surrender demanded. It was refused, and this proceeding was commenced immediately after.

The District Judge decreed, that compensation should be allowed in favor of petitioners, for the amount of the checks, with

interest and charges, and the rule was made absolute as to the surrender of the draft; from which judgment the defendants have appealed.

We are of opinion that the judge erred. Supposing, for a moment, that the petitioners are entitled to the compensation they claim, we are of opinion, that they cannot obtain the benefit of it in the form and manner adopted. We have seen for a considerable time past, a system of practice adopted in the courts in this city, by which almost every thing is attempted to be effected by a rule to show cause, in a summary manner. The regular rules of practice established by law, are disregarded, and a short hand system has crept into existence, which is a great abuse, and cannot be otherwise than injurious in its consequences. The causes for which the rule is taken, are generally very indefinitely stated; and it frequently happens, that there are verbal answers given to them, so that it is often difficult, if not impossible, to ascertain what was the object of the parties, and what has been decided. We must express our disapprobation of so loose a system of practice, and our determination to arrest it. There are cases in which rules on parties, and trials in a summary way, may be convenient, legal, and promotive of the ends of justice; but we cannot any longer, permit them to supplant, as they have in a great measure, the regular rules of practice. If the matter intended to be investigated and tried, is necessarily connected with, and incidental to the main action, or a direct consequence of it, the proceeding by rule, in a summary manner, is often convenient and legal; but such mode of proceeding cannot be tolerated, when it is intended to evade the plain provisions of law.

The suit on which it is attempted to engraft the rule now before us, was commenced under an act of the Legislature, relative to the liquidation of the banks in this State. Acts 1842, p. 234. Under it, the stockholders of the Merchants Bank surrendered their charter, and Commissioners have been appointed to close the concern. A judgment decreeing a forfeiture has been rendered; and, according to the 8th section of the act, (p. 236, 238,) all judicial proceedings against the bank are arrested. The 18th section (p. 244,) directs a tableau of distribution of the funds on hand, to be made among the creditors, from time to time, according to their

ranks and privileges; and the 24th section says, that in all matters not otherwise specially provided, the powers, duties, and liabilities of the Commissioners shall be the same as those conferred on syndics of insolvent estates, and the proceedings the same as those provided by the acts in force, relative to voluntary surrenders of property. (Acts 1842, p. 246.)

The counsel for the plaintiffs admits, that they cannot bring an ordinary suit against the Commissioners to recover the amount of the checks in question, but contends, that by this rule he can compel them to give the plaintiffs the benefit of them in as effectual a manner, as though he had a judgment for the sum he claims. The consequence of sustaining this rule, would be, to enable the applicants for it to obtain that indirectly, which they cannot do directly.

The judgment of the District Court is therefore annulled and reversed, and the case dismissed, with costs in both courts.