JACOB MUSSINA *v.* WILLIAM ALLING et al.

It is competent for the court to order the plaintiff to furnish security for costs, where the Clerk has neglected to exact such security, or has taken insufficient security.

The defendant cannot proceed by rule against the security on a bond for costs of suit, but must proceed by an ordinary action. A summary remedy is provided by law for Clerks and Sheriffs against plaintiffs for their costs, and where the plaintiff does not reside in the parish where the suit is instituted, they have the same remedy against the surety for costs.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Singleton & Clack*, for appellants. *Bonford* and *H. D. Ogden*, for appellees.

COLE, J. The first question in this case is whether a court has the right to order the plaintiff to furnish security for costs. We think that it has this power in all cases where the Clerk has neglected to take security, or where he has taken insufficient security. R. S., p. 125, § 9; *Houghton* v. *Houghton*, 11 A. 200.

MUSSINA
v.
ALLING.

The second question is, whether the defendant in a suit can proceed by rule against the security on a bond for costs of suit; we think that he cannot, but must proceed by an ordinary action.

In *Baker et al.* v. *Doane et al.*, 3 An. p. 434, the court say: "Summary proceedings being departures from the rules which govern actions generally, cannot be extended beyond the cases expressly authorized by law."

The law provides a summary remedy for Clerks and Sheriffs against plaintiffs for *their* costs, and whenever the plaintiff does not reside in the parish in which the suit is instituted, they have the same remedy against the surety for costs. R. S. p. 124, §7. But the law has not authorized the defendant in a suit to pursue a summary remedy against the security for costs; and, however judicious such a remedy might be, it cannot be deemed a legal mode of procedure, as long as another course is pointed out by law, and that is the ordinary action.

We are, then, of opinion, that the exception to the summary proceeding by rule, ought to have been sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed; and that the rule be dismissed, reserving to appellees the right to proceed by ordinary action for the recovery of their claim. It is further ordered, that appellees pay the costs of both courts.