## GARVINO LEDDA *v.* CAPTAIN MAUMUS, et als.

By intervening and bonding property attached, the intervenor has relieved it from the lien of attachment, and removed it from the jurisdiction of the court, consequently he is bound as surety for whatever judgment may be rendered against *the defendant*, which is the tenor of his bond. He cannot, therefore, be heard to construe his obligation so as to defeat the law.

The statute of 20th March, 1839, amendatory of Art. 259 C. P., restricts the judgment to be obtained to the surety on the bond, and does not contemplate a proceeding, by that mode, against the principal.

APPEAL from the District Court of the Parish of Jefferson, *White*, J. *R. K. Cutler* for plaintiff.

*H. Train & C. Redmond for defendants and appellants.*—The intervenor bonded the property attached by plaintiff, and was condemned, as bondman, to pay his claim and judgment.

He appeals because the judgment rendered is void, for want of citation, appearance or representation of Maumus. The defendant then, by plaintiff's own showing within the jurisdiction of the court, and who had no notice of attachment.

He contends that the plaintiff's judgment is moreover void ; because, nobody is condemned to pay it ; because, it does not dispose of the intervenor's claim, on which issue had been joined ; because, it makes no disposition of the property attached, whilst it disposes of sequestered property not in *esse*. Yet, plaintiff had ten months to consider of it before he confirmed his default

The intervenor is dissatisfied with the description of the property sought to be subjected to attachment, and which he designates as a certain

flatboat and cargo of staves; a laxity of practice not tolerated in attach-    Ḷᴇᴅᴅᴀ
ment, for the property thus libelled does not admit of judicial identifi- Mᴀᴜᴍᴜs, ᴇᴛ ᴀʟ.
cation.

He complains that plaintiff has brought a false action; for his petition
sets up a sale which he, plaintiff, perverts into a claim for advances on
his own property. He says defendant was entitled to a notice of judg-
ment, and none was given; that execution was irregular, the first being
returned without date, and the second within days from its date; that
both are decided against the Impersonal, captain and owners, of an
uncertain flatboat and cargo of staves; and that these parties are *dehors*
the record. The same objection applies to the bond on which attachment
issued. The demise of plaintiff is suggested for the first time in the exe-
cution, which leaves room for the surmise that the judgment itself was
perhaps rendered after his demise.

Concerning the judgment against Begué on his bond, his objection to
summary proceedings should have been sustained; it was doubly good:
1. Because, the judgment of sequestration on Begué as bondsman was
entitled to a regular trial. 2. Because the same issues were actually
pending between the parties in the regular mode of action. These
exceptions were never overruled or legally disposed of in the court
below. They should have been sustained.

The condition of Begué's bond was to pay such judgment as should be
rendered against principal and intervenor in the action then pending.
This bond has never been forfeited, because the supposed contingency
has not occurred.

It may be superfluous to add that plaintiff introduced no evidence to
confirm his default; neither can it be questioned that the intervenor,
having bonded the property in controversy, in the capacity of an owner
in possession, is vested by law with all the rights of a defendant in reven-
dication.

Iʟsʟᴇʏ, J. The plaintiff in this case, having attached the flatboat and
cargo of staves described by him, one Jean Marie Begué intervened in
the attachment suit, by way of third opposition, and set up title to, and
possession of, the property attached.

On the motion of the intervenor, the court allowed him to bond the
property attached, and, in accordance with the order of the court, he
furnished a bond, executed by himself as principal, and one J. Desplate
as surety, for the sum of twenty-five hundred dollars.

The judgment by default, taken by the plaintiff against the *defendant*, on
the 20th January, 1862, was confirmed and made final on the 17th of
February of the same year; and by this judgment the defendant was con-
demned to pay the plaintiff the sum of fifteen hundred and sixty-nine dol-
lars and fifty-three cents, with a lien and privilege on the property
*sequestered*.

The court did not pass upon the claim of the intervenor.

A writ of *fi. fa.* having issued against the defendant in the attachment
suit, the same was returned *nulla bona*, when the plaintiff took a rule on
the parties to the bond. J. M. Begué, the principal, and J. Desplate, the
surety, to show cause why they should not be condemned *in solido*, in ac-

cordance with the stipulations of their bond, to pay the aforesaid judgment for $1,569, with interest and costs, and why execution should not forthwith issue against them for the same.

The exception and defence set up by the defendants in the rule, rested on the following grounds :

1. Because the law does not allow such summary proceedings in a case like this.

2. There was no judgment rendered against exceptor or intervenor in the suit, and he bound himself to pay the amount of the bond should a judgment be rendered against him, and not otherwise ; and exceptor was not heard in his defence, and, had it been so, he would have proved that the staves in dispute belonged to him.

3. Even if he could be bound herein, the proceedings are illegal and deficient, and the pre-requisites of the law have not been complied with.

4. The judgment rendered herein is null and of no effect against exceptor, and all the proceedings under it are irregular and insufficient to bind the exceptor.

5. The exceptor is entitled to a trial by jury, and cannot, in such a proceeding, which is summary, pray for the same ; and he prayed for a dismissal of the rule. The rule was made absolute, and the defendants therein have appealed from the judgment of the court below.

In the case of *Emanuel* v. *Mann, Beers & Bogart, intervenors,* reported in 14 A. p. 53, wherein a defence somewhat similar to the one in this case was urged, the court say : " The defence is purely technical. By intervening and bonding the property attached, the intervenor has released it from the lien of the attachment and removed it from the jurisdiction of the court. Now, if they can defend themselves on the bond, they will defeat plaintiff's claim altogether. In construing the obligation of *Beers & Bogart,* and *Wright,* their surety, we must look to the law and ascertain on what condition the property was to be delivered to them. It was on condition that they would satisfy such judgment, to the amount of the value of the property attached, as might be rendered against the *defendant* in the pending suit. Act of 1852, p. 155, ¿ 1. The condition of the bond, as written, is that the defendants or intervenors shall satisfy such judgment as shall be rendered against them, or either, in the suit pending, to the extent of the valuation of the property released. The principal obligation was, therefore, to satisfy whatever judgment should be rendered against the *defendant ;* and it was the duty of the intervenors so to word their obligation, as the condition upon which the property was to be delivered to them.

They cannot, therefore, be heard to construe their obligation so as to defeat the law. *Slocomb* v. *Robert,* 16 La. 174.

Having failed in his intervention, they and their surety are responsible upon the bond. The return of *nulla bona* on the execution against Mann is sufficient, and the intervenors could not defeat plaintiff's demand by paying the costs of the intervention, or requiring an execution against themselves.

The case cited in 8 A. p. 381, differs from this, that no judgment had, in that case, been rendered against the third opponent.

The case of *Goodman & Son* v. *Wm. Allen et al.*, reported in 8 An. p. 381, rested on the case of *Goodman* v. *Allen*, reported in 6 An., at page 372. The court, referring to the previous decision, held, that as no judgment had been rendered against Carroll, the intervenor, no judgment could therefore be rendered, by rule or otherwise, against his surety on the bond for the release of the property attached. That such a judgment against the surety must be preceded by a *fi. fa.* against, or at least, a putting in default of the principal.

The plaintiffs in the case reported in 8 An., first proceeded against Carroll's surety by *rule*, and having failed to sustain their motion, then brought a direct action against the same surety; and it was in the decision in the last case, that it was held absolutely and unequivocally, that a final disposal of the intervenor's claim must have been made; or, as stated in the previous decision in 6 An., "a *fi. fa.* must have been issued against the principal obligor, or at least, a putting in default." And the plaintiff's rule was dismissed because no such call had been made upon Carroll for the payment of the bond.

Has judgment been rendered on Bégué, the principal in the bond in this case, or has a legal preliminary call been made upon him?

He was made a party to the rule against the surety, and both were required to show cause in *six* instead of *ten* days, according to the statute of 1839. This was, indeed, a summary proceeding. Such proceedings cannot be extended beyond the cases expressly authorized by law. See Arts. 98, 170, 754 and 756 C. P.; *Baker* v. *Doane et al.* 3 An. 434; *Austin, Sumner & Co.* v. *Dunbar*, 12 An. 182; *Nolan's Heirs* v. *Taylor*, 12 An. 201; *Mussena* v. *Alling*, 12 An. 799.

The statute of 20th March, 1839, amendatory of Art. 259 C. P., restricts the judgment to be obtained to the surety on the bond, and does not contemplate a proceeding, by that mode, against the principal.

We do not consider the proceeding by *rule* against Begué and Desplate, his surety, regular or legal, and think the court erred in making it absolute.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed.

It is further decreed, that the judgment of the District court be reversed, and that the rule be dismissed as in case of non-suit, the plaintiff and appellee paying costs in both courts.