No. 2698.—ADELINE C. TAYLOR AND HUSBAND *v.* BOEDICKER & BADEN-HAUSEN.—S. D. MOODY, Intervenor.

In all cases where an intervention is allowed, the intervenor is entitled to the delay necessary to cite the parties against whom it is directed. This rule applies whether the intervention has been filed before or after issue joined.

An intervenor having his remedy by direct action, is required to be always ready to plead or exhibit his testimony.

APPEAL from Fifth Judicial District, parish of East Feliciana. *Posey, J. McVea & Hunter*, for plaintiffs and appellees. *Kernan & Lyons*, for intervenor, appellant.

TALIAFERRO, J. The plaintiffs in 1866, sold to the defendants a tract of land lying in the parish of East Feliciana, for the price of $12,430, of which a part was paid in cash, and a term of credit granted for the remainder, for which notes were executed and secured by a mortgage and the vendor's privilege. The vendees subsequently sold this property to the intervenor.

On one of the notes (for $7430) executed by the defendants for a part of the price, the plaintiffs instituted this action, *via ordinaria*, praying judgment recognizing their privilege and mortgage, and that the mortgaged property be seized and sold to pay the amount of the note. The mortgage contains the pact *de non alienando*. The note is a joint and several obligation. Judgment by default was taken against Boedicker, and afterwards made final before citation was served upon the other defendant. In the interval, between the rendition of judgment by default and the final judgment, Moody presented his petition of intervention, setting forth that he was interested in the

event of the suit, having become the purchaser of the property, and having the same in possession. He also alleges that plaintiffs have no mortgage securing the payment of the note sued on. The judge *a quo* refused to allow the intervention, on the ground that it came too late. Judgment being rendered against one of the defendants, the intervenor, having reserved a bill of exceptions to the ruling of the court refusing to allow his intervention, took this appeal. The correctness of the action of the lower court, in regard to the intervention, is the only question presented for the consideration of this court.

Article 391, of the Code of Practice, gives the right to "intervene either before or after issue joined, provided the intervention do not retard the principal suit." Article 393 provides that the intervention must be formed by a petition, which must be served on the party against which it is directed, in order that he may answer to the same in the delay given in ordinary suits.

The right to intervene being granted, all the means requisite for the exercise of that right are necessarily granted also. In declaring that the intervention shall not retard the main action, the lawgiver intended that no delay shall be allowed beyond what is strictly necessary to enable the intervenor to litigate his claims in the suit in which he intervenes. He has the right to have his petition served upon either or both the parties against whom he proceeds, in order that they may answer within the delay given in ordinary suits. It is plain that an intervenor is not entitled to all the rights which the original parties have in relation to the mode of conducting the contestation. The exercise of these rights often involves much delay in procuring evidence, the calling in of warrantors, and other acts necessary to a final decision of the cause. The intervenor is required to be always ready to plead, or exhibit his testimony, because he has always his remedy by a separate action to vindicate his rights. If he chooses to proceed by intervention, he can not retard the adjustment of the rights of others to any greater extent than the necessity of the circumstances require in order to obtain his own.

The purport of the several articles which treat of intervention, taken in their connection and relation to each other, is sufficiently clear to leave no doubt of the purpose and meaning of the lawmaker in enacting them. It is likewise apparent, that in the application of these articles to cases as they are presented, there must necessarily frequent occasions arise where a sound legal discretion must be exercised by the judge. In the case before us we think the judge erred in refusing the intervention. It seems that it was presented after issue joined, but before the trial of the case had commenced. It does not appear that the intervention would have caused a greater delay in the progress of the cause than the intervenor was entitled to produce—that of having his petition served upon the original parties.

It is therefore ordered, adjudged and decred, that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this case be remanded to the lower court with instructions to allow the intervention prayed for, and to proceed with the case according to law, the plaintiff to pay costs of this appeal.

Rehearing refused.