On Rehearing.
PROVOSTY, J.
[7] The rehearing was restricted to the questions of the costs of the appeal, and the fees of the receivers. It is now practically agreed’ that the costs should bé paid in their entirety by the mass, and we shall so decree. The question of the fees of the receivers was not overlooked by the court in considering the case, but in some way was overlooked in drafting the opinion. These fees amounting to $529.07, being 2% per cent, on the amount to be distributed, were held by the trial court not to be a proper charge against the receivership for the reason that the receivers “were simply liquidators appointed by the stockholders and confirmed by the court; they were not receivers in the sense of the law.”
The facts are that the stockholders adopted a resolution dissolving the corporation, and appointing three ' commissioners to have charge of, and liquidate, its affairs with authority to act as receivers, and to do so “with or without court proceedings, as they shall deem best”; that they deemed best to act with court proceedings, and accordingly at once presented a petition to the court alleging the said resolution, and that they desired to-be “recognized, sworn, and confirmed as liquidating commissioners and receivers,” and praying accordingly; and the court made an order so recognizing and confirming them “as liquidating commissioners and receivers with the powers of receivers.” They were duly sworn and a commission was issued to them *709 ■ as “liquidating commissioners and receivers,” and from that time on the affairs of the corporation were administered by them as in any ordinary case of receivership; that is to say, an inventory was made, and all that was done was done by order of court; and their account was rendered to the court.
Under these circumstances, we think that these officers were receivers, appointees of the court, acting under and by virtue of the appointment of the court; and that they are therefore entitled to the fees allowed by law to receivers. The fact of their having been selected by the stockholders, and of the stockholders, through them, having procured their appointment, does not detract from the force or effect .of the order of court appointing them receivers. In the case of Leidigh-Dalton Lumber Co. v. Houck, 138 La. 159, 70 South. 72, the commissioners had not been confirmed by the court, and did not act by authority derived from the court, or as appointees of the court.
The judgment appealed from is therefore amended in the further particular that the fees of the receivers as fixed in the provisional account are ordered to be paid by preference as set down in said account; and it is further ordered that the costs of this appeal be paid by the receivership.