BESHEL v. N. O. THRIFT STORES, INC.

(February 11, 1929.   Opinion and Decree.)
(February 25, 1929.   Rehearing Refused.)
(April 22, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

James B. Rosser, Jr., of New Orleans, attorney for plaintiff, appellee.

William E. Westerman, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The Union Indemnity Company appeals from a judgment against it, as surety on the bond of J. D. LeBlanc, receiver of the New Orleans Thrift Stores, Inc.

The facts are not disputed. The Receiver, LeBlanc, filed an account, which was opposed and subsequently homologated with some modifications. The creditors whose claims had been recognized in the judgment of homologation attempted to collect from LeBlanc without success. LeBlanc was ruled into court and adjudged in contempt. Whereupon several creditors proceeded by rule against his surety, appellant herein.

A number of defenses were argued before us, one relating to procedure, which must first be considered. A surety, on a receiver's bond, it is contended, cannot be proceeded against by summary process. This point is elaborately treated in the able briefs of both counsel, which have been of great assistance to the court. From the numerous authorities cited we have selected only a few for purposes of discussion and illustration.

It is first pointed out that express legislative authority is necessary to support a summary proceeding.

"Summary proceedings are to be used only when prescribed by law." Suc. of Moore, 18 La. Ann. 512; Suc. of Irwin, 33 La. Ann. 68; Lbr. Co. vs. Houck, 138 La. 159, 70 So. 72; O. P. 754, 755.

"The right to summary process cannot be extended beyond the cases expressly authorized by law." Baker vs. Doane, 3 La. Ann. 434; Sumner & Co. vs. Dunbar, 12 La. Ann. 182; Mussina Bank vs. Alling, 12 La. Ann. 799; White vs. Commissioners, 4 Rob. 363; Ledda vs. Maumus, 17 La. Ann. 317; Suc. of Irwin, supra. Suc. of Jamison, 108 La. 279, 32 So. 381.

"The right to proceed by rule or motion implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where the summary procedure is expressly allowed by law." Thomas vs. Bourgeat, 6 Rob. 437; Copley vs. Conine, 3 La. Ann. 206; Baker vs. Doane, supra; Nolan's Heirs vs. Taylor, 12 La. Ann. 201; Sharp vs. Bright, 14 La. Ann. 390; Hernandez vs. Hugh, 22 La. Ann. 245; Fischel vs. Mercier, 32 La. Ann. 707; Suc. of Jamison, supra; State vs. Jackson & Co., 145 La. 254, 82 So. 213.

Our Supreme Court in 1845 in Wright vs. Commissioners, 4 Rob. 365, indulges in the following interesting observation involving severe criticism of the loose practice of that day:

"Almost everything is attempted to be effected by a rule to show cause, in a summary manner. The regular rules of practice established by law, are disregarded, and a short hand system has crept into existence, which is a great abuse, and cannot be otherwise than

injurious in its consequences. The causes for which the rule is taken, are generally very indefinitely stated; and it frequently happens that there are verbal answers given to them, so that it is often difficult, if not impossible, to ascertain what was the object of the parties, and what has been decided. We must express our disapprobation of so loose a system of practice and our determination to arrest it. There are cases in which rules on parties, and trials in a summary way, may be convenient, legal and promotive of the ends of justice; but we cannot any longer permit them to supplant, as they have in a great measure, the regular rules of practice."

There is no law, the argument proceeds, expressly conferring any right to proceed by rule against a surety on a receiver's bond.

After admitting his inability to discover any Louisiana case directly in point counsel cites several from our sister states.

In Thurman vs. Morgan, Receiver, 79 Va. 367, a rule to show cause under similar conditions was denounced in unmeasured terms as an improper proceeding.

"This decree is plainly erroneous. In no just sense were the sureties parties to the suit or officers of the court by reason of their suretyship. There was no fund in their hands, or which ought to have gone into their hands, subject to the order of the court, and they could not therefore, be summarily proceeded against by a rule to show cause. Their liability if any, grows out of their undertaking as sureties on the bond, and can be ascertained and enforced only by suit on the bond in a common law court, where full opportunity for making defense and the constitutional right of trial by jury can be had. The circuit court was so plainly without jurisdiction to decree against them upon a rule to show cause as in the same proceedings to have condemned them to be hanged. Such a departure from the established mode of procedure renders the decree not only erroneous, but void."

In High on Receivers, 4th Ed., Sec. 129, the law is as follows:

"While a court of equity has the undoubted power either by its decree or by rule of court, to provide that a receiver and his surety may be proceeded against in order to enforce the liability of the bond, in the original action, yet, where the court takes from the receiver an ordinary common law bond with surety, conditioned for the faithful performance of his duties and a compliance with the orders of the court, the obligation of the surety is one which can be enforced only in a separate action at law upon the bond in which he may have his constitutional right of trial by jury. And the court has no power to proceed against him summarily by rule to show cause or by motion in the cause unless he has part of the trust fund in his hands and then only to the extent of such fund."

In Soule vs. Worsham, 22 La. Ann. 79, it was held:

"The right to proceed against the sheriff or his successor, by rule, does not necessarily include the right to proceed in this summary manner against his sureties. In the absence of special provisions of law, permitting the summary process, the proceeding should be initiated by petition and citation."

In Hernandez vs. Hugh, 22 La. Ann. 245, it was said:

"The law has not given this remedy against sureties on a sheriff's bond. The want of citation is fatal, since they do not answer or otherwise waive citation."

In Sharp vs. Bright, 14 La. Ann. 390, summary process was said to be improper in an action against a surety on a sequestration bond because:

"As this surety is not a party to the suit, in the progress of which the bond is taken, he cannot, in the absence of express legislation to that effect, be sued in the summary way."

Baker vs. Doane, 3 La. Ann. 434, held such procedure improper as against the

surety on a bond for the release of sequestration, because:

"The surety on a bond to release property sequestered, can in no sense be considered a party to the suit * * * In the absence of express legislation, the remedy of the judgment creditor against the sureties on such bonds would be by a new action in the ordinary form."

Mussina vs. Alling, 12 La. Ann. 799, held a surety on a bond for costs must be sued on in an ordinary action, for:

"The law has not authorized the defendant in a suit to pursue a summary remedy against the security for costs, and, however judicious such a remedy might be, it cannot be deemed a legal mode of procedure, as long as another course is pointed out by law, and that is the ordinary action."

The argument of opposing counsel is that the surety is bound in solido with his principal and not entitled to discussion. R. C. C. 3066; that appellant is a compensated surety to which the rule of strictissimi juris does not apply. Victoria Lumber Co. vs. Wells, 139 La. 500, 71 So. 781; that the bond was given to the judges of the Civil District Court and bound appellant to pay $1,000.00 upon failure of LeBlanc to faithfully perform his duties as receiver.

"Inasmuch, therefore, as upon the face of the papers, and according to his judicial admissions, the defendant bound himself in solido as a party of the contract sued on, and not as surety, it is immaterial whether the extension of time was granted to his co-obligor, as alleged by him."

We are referred to Articles 3045, 2106 and 2091, R. C. C. To Rogers and Wood-

all vs. Gibbs, 24 La. Ann. 468; Smith Bros. & Co. vs. New Orleans & N. E. R. R., 109 La. 782, 33 So. 769; Bonant vs. Rabito, 141 La. 986, 76 So. 166, and numerous others, not one of which is precisely in point, and, all of which, collectively falls short of establishing the proposition advanced.

Our conclusion is that a surety on a receiver's bond cannot be condemned by summary process. A rule to show cause, as has been pointed out, usually implies a pending suit, and, always requires specific legal authority. The judgment homologating the account is said to be res adjudicata. Borgeleon vs. Creditors, 4 Mart. N. S. 620; Lay et al. vs. Their Creditors, 14 La. Ann. 241; Succession of Wellmeyer, 34 La. Ann. 819. Conceding this to be true there are defenses open to the surety which it is entitled to present in the usual way.

In any event, we believe the view of our Supreme Court, as expressed in analogous cases, which we have freely quoted, is in accord with our conclusion in this case.

The other defenses need not be discussed.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the Union Indemnity Company, Inc., defendant in rule and against the plaintiff in rule, dismissing plaintiff's demand.