McBRIDE, Judge.
This is one of two consolidated cases involving the identical parties and presenting the same issues. The cases were tried together and but one judgment was rendered from which plaintiff has appealed by the one motion. In this court the matter was docketed as though a separate appeal had been taken in each case.
*736 The appellant, Melde Tile Roofing Com■pany, Tnc., alleged that on or about June 9, 1954, it entered into a verbal contract with Compact Homes, Inc., as owner, for the supplying of materials and the installation of a tile roof on a building being erected on Lots 51, 52 and 53 in Square 56 .of East Bank Subdivision, bearing Municipal No. 1589 Dilton Street, Parish of Jefferson, at a stipulated price of $602.50. The petition alleges that the work was completed on October 28, 1954; that after several demands for payment of the contract price had been made in vain, plaintiff on November 17, 1954, filed in the Mortgage Records of Jefferson Parish a mate-rialman’s and laborer’s lien against the property. Plaintiff further averred that the property to which the materials had been furnished and the work done had been sold and transferred by Compact Homes, Inc., to one Lurry D. Lacour, on August 7, 1954. Plaintiff prayed for a judgment in its favor for $602.50, in solido, against Compact Homes, Inc., and Lurry D. La-cour, and further “that petitioner’s mate-rialman’s and laborman’s lien and privilege upon the hereinabove described real estate known as 1589 Dilton Street be recognized and maintained, and that the property be sold in due course to satisfy petitioner’s claim, and that it be paid by preference and priority over all persons whomsoever.”
No answer or other pleading was filed by the corporate defendant; Lacour answered denying liability unto plaintiff.
After a trial on the merits, there was judgment in favor of plaintiff and against Compact Homes, Inc., for $602.50, ■and plaintiff’s demand against Lurry D. Lacour was rejected. No mention was made in the judgment as to the' material-man’s and laborer’s lien which, the plaintiff claimed on the property, and according to well-settled jurisprudence, where, as here, the judgment is silent as to any relief prayed for .qr permitted under- the pleadings that the same is tantamount to a rejection of that part of the demand. Rains v. Thomason & Champion, 17 La.App. 120, 135 So. 92. In Lacaze v. Hardee, La.App., 7 So.2d 719, 721, it was said:
“It is to be noted that no recognition is therein given to the claimed lien and privilege resulting from the alleged tax subrogations. Hence, the demands with respect thereto must be h'eld to have been rejected.”
In passing on the same question in Williams v. Ralph R. Miller Shows, La.App., 15 So.2d 249, 252, the court observed:
“ * * * However, defendants have called our attention to the fact that the judgment on the merits is silent as to maintaining the writ of attachment and contend that such silence of the judgment is equivalent to rejection of the demand for attachment. Such is the law. It is now an axiomatic principle of our law that the legal effect of the silence of a judgment upon any part of a demand that might have been allowed under the pleadings is a rejection of that part of the demand. * * * ”
We do not understand on what theory or principle appellant seeks to hold Lurry D. Lacour liable in personam for the amount of the contract price. There is no showing that Lurry D. Lacour ever assumed any indebtedness due on the property by Compact Homes, Inc., or that he ever bound himself or agreed to pay for any work that may have been done on the building.
The Supreme Court in Glassell, Taylor & Robinson v. John W. Harris Associates, Inc., 209 La. 957, 26 So.2d 1, 6, was concerned with the question whether one who .purchases property during the course of construction rendered himself .solidarity liable in personam with the contracting owner under'the provisions-of Act 298 .of 1926, as amended by Act 323 of . 1938 (see LSA-R.S. 9:4812), for .the work performed on the property by a subcontractor. The Court held that when the owner fails *737 to record the contract for the construction of a housing project or to secure a bond for the faithful performance of the work and for payment of subcontractors, laborers, materialmen, etc., he is personally liable to a subcontractor who timely filed and recorded its claim for work done and materials furnished under subcontracts with the general contractor. But it was clearly pointed out that:
“The owner referred to throughout the act is, obviously, the owner at the time the contract is entered into for the construction of the work and not the owner at the time the claim is recorded or the suit is filed * * *. To hold otherwise would be to permit the owner to avoid liability by transferring the property to an irresponsible or insolvent party. It therefore follows that the housing corporations in this case are only liable in rem unless in their acquisition of the property they specifically assumed the liability of their vendor. * * * ”
There is no error in the judgment insofar as it dismissed plaintiff’s claim against Lurry D. Lacour.
Appellant’s counsel argue both orally and in brief that the trial judge erred in failing to recognize plaintiff’s lien and privilege against the property, and that the judgment should now be amended so as to recognize and maintain such lien and privilege and order the sale of the property to satisfy plaintiff’s claim with preference over all other persons. But the appeal does not bring before us the question whether plaintiff has a claim in rem against the property because plaintiff has only appealed from a specific part of the judgment. The petition of appeal in part reads thus:
“Petitioner is aggrieved by the final judgment rendered and signed in the above numbered and entitled consolidated causes on January 10, 1956 in favor of the defendant, Lurry D. La-cour, and against the plaintiff, Melde Tile Roofing Co., Inc., rejecting the plaintiff’s demand as to said defendant and dismissing plaintiff’s suit as to said defendant, and desires to appeal therefrom suspensively and de-volutively to the Court of Appeal for the Parish of Orleans, State of Louisiana.”
Appeals are authorized by Code of Practice art. 564 et seq. and it is well recognized- by our courts that an appeal may be made from the judgment in its entirety or the appeal may be limited or restricted to only a part thereof, and that when a partial appeal is taken there is presented to the appellate tribunal for review only that portion of the judgment of which complaint is made. City of Shreveport v. Kahn, 194 La. 55, 193 So. 461; Gerac v. Guilbeau, 36 La.Ann. 843; Ikerd v. Postlewhaite, 34 La.Ann. 1235; Milner v. Louisiana Public Utilities, Inc., La.App., 1 So.2d 443; DeBellevue v. Couvillion, 3 La.App. 568.
In Frith, Tutrix v. Pearce, Tutor, 105 La. 186, 29 So. 809, 814, the Court, in the course of its opinion, said this:
“ * * * The proper place to ascertain what appellant has appealed from is the motion for the appeal and the order granted under it. * * * We do not mean to say that a person may not, in some particular case, so limit his prayer for an appeal as to control its extent. * * * ”
The appellant of its own volition and accord circumscribed the extent of the appeal, and the language used in the petition for appeal plainly indicates that plaintiff only:
“ * * * is aggrieved by the final judgment * * * in favor of defendant, Lurry D. Lacour, * * * rejecting the plaintiff’s demand as to said defendant and dismissing plaintiff’s suit as to said defendant, and *738 desires to appeal therefrom suspen-sively and devolutively * *
Appellant made no complaint at all as to the judgment in any other respect.
The appeal in the instant case has great analogy to that perfected in Leidigh-Dalton Lumber Co., Ltd. v. Houck, 138 La. 159, 70 So. 72. In that case the judgment dismissed plaintiff’s two suits, rule, and opposition to an account, and homolo-gated the account. From this judgment no appeal was taken except as appeared in plaintiff’s motion:
“ ‘On motion of counsel for opponent made in open court, appeal sus-pensive and devolutive are granted to opponent, Leidigh-Dalton Lumber Company, returnable to the honorable Supreme Court of Louisiana, at New Orleans, on Monday, June 30, 1913, and according to law. The devolu-tive appeal bond is fixed in the sum of $400; the suspensive appeal bond is fixed according to law.’ ”
In construing the extent and scope of the appeal the Court said:
“It is thus seen that the Leidigh-Dalton Lumber Company is the only appellant, and that it has appealed only in its quality of opponent to the account, or, in other words, only from that part of the judgment dealing with the rule to show cause.
******
“This court cannot review the judgment in so far as it dismissed the said two suits against the liquidators, no appeal having been taken from that part of it.”
In the instant case the plaintiff made two separate demands, one being a claim in personam against the defendants and the other in rem against the property. In taking the appeal, for reasons not known to us and with which we have no concern, plaintiff only thought it proper to appeal from the judgment insofar as its claim against Lacour was rejected and that feature of the judgment is all this court is authorized to review. The claim in rem does not come before us.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.