Eastern District.
*April,* 1830.

PRADOS
*vs.*
HIS CREDITORS

</div>

---

*CASANOVA'S HEIRS vs. ACOSTA & AL.*

<div align="right">

La.
1L 180
48 512

</div>

☞ Where property of a succession has passed into the hands of third persons, the courts of ordinary jurisdiction, not those of probate, must be resorted to for relief.

Where the inventory is false and fraudulent, all proceedings growing out of it must be set aside.

Eastern District.
*April*, 1830.

⌣⌣⌣⌣

.Heirs of Ca-
sanova.
*vs.*
Acosta & al.

The declaration of a testator that property was common when in truth it was not, must be regarded as a disguised donation, and consequently null and void.

Appeal from the court of probates for the parish and city of New-Orleans.

The plaintiffs alleged that the defendant Acosta, who is their mother and tutrix, made a fraudulent inventory of the property belonging to the succession of their father. That a house and lot at the corner of Dauphine and Ursuline-streets was inserted in it as community property. That she concealed other effects, and that the property inventoried was appraised below its value.

By the advice of a family meeting, the community property was adjudicated to the mother at the price of estimation, and she afterwards sold to Aregno, who was made party to the suit, three slaves. Aregno pleaded to the jurisdiction of the court, and the judge sustained the plea. The plaintiffs prayed that all proceedings predicated on the false inventory, as well as the sale to Aregno be set aside, and declared null and void, and further, they prayed for interest on the money retained in the hands of the defendant, and for the rent of the house and lot which had remained in her possession since the death of their father.

Casanova declared in his last will and testament, that the house and lot was community property, but the evidence was conclusive that he owned it prior to his marriage, and it was further established that the defendant had concealed effects of the succession, amounting to the sum of $6131.

Eastern District.
*April*, 1830.

HEIRS OF CA-
SANOVA
*vs.*
ACOSTA & AL.

The court refused to set aside the adjudication and the plaintiffs appealed.

*Seghers*, for appellants.

1. The plaintiffs' father was possessed, prior to his marriage, of the lot of ground with the buildings thereon, which after the dissolution of the marriage by his death, devolved on the plaintiffs.

2. Their father however declared in his last will, that all his property was acquired during the marriage; the plaintiffs contend that this was a disguised donation to his wife, and that as such it is null and void. Old Civil Code, page 258, art. 228.

3. Should it be held as an indirect donation only, which the plaintiffs by no means admit, but on the contrary maintain it to be a disguised one, then it would be reducible not to 1-5 but to 1-10 only. Old Civil Code, page 257, art. 222.

Eastern District.
*April*, 1830.

HEIRS OF CA-
SANOVA
*vs.*
ACOSTA & AL.

4. The proceedings in the court of probates upon which the adjudication of the common property to the mother of the plaintiffs was obtained having proved erroneous, and founded on false and fraudulent statements, are altogether null and void, and they cannot therefore be sustained in any part thereof.

*De Armas,* for Aregno.

The court of probates had no jurisdiction in this case, inasmuch as it was a case involving the validity of titles and the assessment of damages. Deveze *vs.* Plicque, Martin's reports.

PORTER, J. delivered the opinion of the court. This action is brought to annul and set aside the proceedings had in the court of probates in relation to the succession of the plaintiffs' father. They allege that their mother, who was their tutrix, made a false and fraudulent inventory of the property: that a house and lot was inserted in it as community property, when in truth it belonged to the husband: and that the other property was appraised below its real value.

Since the opening of the succession, three slaves, making a part thereof, have been sold

by the tutrix to one Aregno. By the petition he is made a party to this suit, and the plaintiffs demand that the sale to him be annulled and declared void.

Eastern District.
*April*, 1830.

HEIRS OF CA-
SANOVA
vs.
ACOSTA & AL.

Where property of a succession was passed into the hands of third persons, the courts of ordinary jurisdiction, not those of probate, must be resorted to for relief.

He pleaded to the jurisdiction of the court, and the judge sustained the plea. In doing so, we are of opinion no error was committed. If property belonging to the succession has passed into the hands of third persons, the courts of ordinary jurisdiction, not those of probate, must be resorted to for relief.

The defendant, as mother of the plaintiffs, caused an adjudication of the property in community to be made to her at the price of estimation. The plaintiffs contend that this proceeding, as well as others predicated on the fraudulent inventory must be set aside. The judge of probates was of opinion the evidence established not only that a house and lot which had been considered common property, belonged to the father of the petitioners, but that other effects had been concealed by the defendant to the amount of $6131. He refused however to set aside the adjudication, on the ground that the father having declared in his last will that the real estate belonged to

Eastern District.
*April*, 1830·

HEIRS OF CA-
SANOVA
*vs.*
ACOSTA & AL.
the community, this declaration amounted to a donation to the wife of one half, subject to reduction.

We think the judge erred: by the ninth law of the sixth title of the sixth Partida, the heir who made a fraudulent inventory, was obliged to pay double the amount he had concealed, to those entitled to any part of the succession. On this law the better, and more generally received opinion of the commentator was, that the inventory and proceedings growing out of it were not null and void, because the statute had affixed a penalty and did not declare that nullity should be a consequence of the fraudulent conduct of the heir. Whether it was on the provisions of this law (which were in force at the time the inventory, was made) the judge of probates came to the conclusion announced in his judgment, the record does not inform us. We do not however, think they sustain it. The law of the Partidas inflicts a severe penalty, and accord- to the ordinary rules of construction cannot be extended to other persons than those named in it, viz. heirs. The mother of the defendants in the instance before us, acted either as

their tutrix, or as a partner in the community of acquets and gains, and in neither of these capacities can the penalty, to which the heir is made subject, be enforced against her. *Febrero p. 2, lib. 1, cap. 1, sec. 4, nos. 146 and 147.*

It is on this consideration probably, the petition does not ask for it. But if the mother is not liable to the penalties inflicted on the heir who makes a false inventory; neither can she claim any of the consequences which might follow, were she subject to them. Her conduct must be examined in relation to other rules than those growing out of the particular enactment. Tried by these rules, we have no doubt the whole proceedings were null and void. The inventory was fraudulent and false, and being the foundation on which all the proceedings were had, it follows the adjudication to the mother must be set aside. *Febrero p. 2, lib. 3, cap. 1, sec. 14, No. 500, Curia Phillippica verbo sentencia, no. 12, p. 74.*

When the inventory is false and fraudulent, all proceedings growing out of it must be set aside

The next question is, the correctness of the judge's opinion, that the declaration in the testament, of the house and lot being common property, amounted to a donation to the wife,

Eastern District. *April*, 1830.

HEIRS OF CA-
SANOVA
*vs.*
ACOSTA & AL.

which was not void, but reducible to the portion he might have given to her directly. The 228 *article of the Old Code, p.* 258, provides that husband and wife cannot give to each other indirectly beyond what is permitted by foregoing dispositions, which permits them to give directly,—and then proceeds to say; that all donations disguised, or made to persons interposed, shall be null and void. By the first clause, a violent presumption is raised: the law intended they might give indirectly to a certain amount, and the second would appear to positively prohibit it. It is difficult to make a satisfactory distinction between indirectly giving, and a disguised donation. Indeed, were it not for a subtile distinction existing in the Roman law on the subject, and in reference to which we presume this legislation was made, we do not see any difference in the meaning of the two expressions. But the Roman jurists distinguished: according to them, if the advantage conferred grew out of, or was incident to, a real contract, which had not exclusively for its object the bestowing an advantage on one of the spouses, it was reducible; but if the agreement was entirely simulated, and had in view alone the confer-

ring a benefit on husband or wife, it was null and void. In the instance before us, the declaration of the husband, that the property was common, when in truth it belonged to him before marriage, can be regarded in no other light than made in the sole view of conferring an advantage on his wife, as disguising a donation, and we therefore conclude it was null and void. *Pothier contrat des donations vol. 2, cap. 2, art. 1, no. 78: Digest lib. 24, tit. 1, law 5, sec. 5.*

Eastern District.
*April*, 1830.

HEIRS OF CA-
SANOVA
*vs.*
ACOSTA & AL.

The declaration of a testator that property was common, when in truth it was not, must be regarded as a disguised donation, and consequently null and void.

The petition contains a prayer for interest on the money retained in the hands of the defendant, and for the rent of the house and lot, which has remained in her possession since the death of their father; but there is no evidence on record to show the value of the rent, nor any in relation to the expenses of the minors, nor whether they have been supported by their mother. The cause must be remanded for proof on these matters.

It is therefore ordered, adjudged and decreed, that the judgment of the probate court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the cause be remanded, to be proceeded in according to law, the appellees paying the costs of the appeal.