BAKER et al. *v.* DOANE et al.

The right to proceed by rule, or motion, implies the pendency of an action between the parties, and is confined to incidental matters arising in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law.

The surety on a bond given for the release of sequestrated property cannot be proceeded against by a rule to show cause. He is not a party to the original action; and the right of proceeding summarily, expressly granted by law against sureties on bonds given in cases of arrest, attachment, or appeal, has not been extended to sequestrations. Stat. 20 March, 1839, s. 2, 3, 20.

The right to resort to summary proceedings cannot be extended beyond those cases in which it is expressly authorized by law. C. P. 98, 170, 754, 756.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Peyton* and *I. W. Smith*, for the plaintiffs. *Hornor*, for the appellants. The judgment of the court was pronounced by

KING, J. The defendants are sureties on a bond given for the release of property under sequestration. A judgment was rendered against the defendants in the original cause, and an execution issued, which the sheriff returned no property found. The plaintiffs then took the present rule on the sureties, to show cause why they should not be condemned, *in solido*, to pay the amount of the judgment rendered against *Doane* and *Bossière*, the defendants in the original suit. *Morrison* and *Deacon*, the sureties on the bond, excepted to the proceeding against them by rule as unwarranted, averring that they had valid defences to oppose to the demand, which they desired to plead specially in an ordinary action by petition and citation. The exception was overruled, and a judgment rendered against the sureties, from which they have appealed.

We think that the judge erred, in overruling the exception. The rule in relation to proceedings of this character is concisely stated in the case of *Thomas, Administrator*, v. *Bourgeat, Executor*, 6 Rob. 437. The court then said: " The right to proceed by rule, or on motion, implies the pendency of a suit between the parties, and is confined to incidental matters which may arise in the progress of the contestation, except in certain cases where a summary proceeding is expressly allowed by law." The surety on a bond to release property sequestered, can in no sense be considered a party to the suit. The right has been expressly conferred of proceeding summarily on motion against sureties on bonds given in cases of arrest and attachment, and on appeals, but has not been extended to cases of sequestration. In the absence of express legislation, the remedy of the judgment creditor against the sureties on such bonds, would be by a new action in the ordinary form. Summary proceedings, being departures from the rules which govern actions generally, cannot be extended beyond the cases expressly authorized by law. C. P. arts. 170, 98, 754, 756. Acts of 1839, p. 162, § 2, 3, 20.

The judgment of the District Court is, therefore, reversed, and the rule discharged; the appellees paying the costs of both courts.