AUSTIN SUMNER & CO. *v.* A. T. DUNBAR.

The summary proceeding by rule can have place only in those cases expressly provided for by law.

In the case of a respite, which differs essentially from a surrender, one creditor cannot, by rule, contest a judgment and mortgage resulting from the recording of it, of another creditor. He must, for such purpose, resort to an ordinary action.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *W. S. Stansbury,* for plaintiffs and appellants. *Durant & Hornor,* for defendant.

MERRICK, C. J.   The plaintiffs having instituted suit in the Fourth District Court against the defendant, upon two promissory notes, the judgment was pronounced thereon on the 9th day of January, 1855, and signed on the 13th day of the same month.   In the interval between the rendition of the judgment and its signature, viz, on the 12th day of January, the defendant presented his petition for a respite to the Sixth District Court, and obtained an order from the Judge for a meeting of the creditors and a stay of all judicial proceedings against his person and property.   It does not appear whether this order of the Judge was or was not notified to the plaintiffs before the judgment which they had obtained against the defent was signed.

The plaintiffs caused their judgment to be recorded.   The respite was granted by the creditors, and the plaintiffs received under it the first installment of their debt according to the terms granted their debtor.

The present proceeding is a rule taken by the defendant against the plaintiffs to show cause why their judicial mortgage should not be erased and cancelled, because the judgment was signed after the order granting a stay of proceedings was obtained, and because the plaintiffs have asquiesced in the respite by receiving the first installment under the same.

To this summary proceeding *Austin Sumner & Co.,* the defendants in the rule, except, on the ground, among others, that the defendant cannot contest the judgment and the mortgage resulting from the recording of the same, except in an ordinary action.

It appears to us that the District Court erred in overruling the exception and proceeding to decide the case on the merits.

Perhaps in a case under the forced or voluntary surrender, any creditor interested might, in a like case, proceed under a rule.   2 An. 650, *Bank of Louisiana* v. *Delery.*   But a respite differs essentially from a surrender.   The surrender is based upon the supposed insolvency of the debtor ; the respite upon the supposed solvency and in the confidence of the creditors in the debtor's honesty and ability to pay.

In the one case, the order of the Judge accepting the surrender and ordering a stay of proceedings, vests the property of the debtor in his creditors *sub modo,* who are in court for the purpose of ascertaining their rights upon the property surrendered by their debtor.   Revised Statutes, p. 253.   In the other case, the property remains in the debtor, saving to the creditors the conservatory acts to prevent their debtor from selling his effects to their prejudice.   7 Toul., No. 240 ; 2 N. S. 330.   In the one case, the surrendered effects are managed by a syndic, the agent of the creditors.   In the other, the property

of the debtor is administered by himself. The parties, therefore, stand in a different relation towards each other. In the respite, the debtor in proceeding to compel his creditor to erase a mortgage on the ground of the alleged nullity of the judgment, appears to be acting in his own interest solely against the creditor. The creditor, on the other hand, has a direct interest in maintaining his judgment and mortgage. They are apparently his property by the action of a court between these parties. How then can they be annulled except by an appeal or a direct action? The summary proceeding by rule can have place only in those cases expressly provided by for law. We have not been shown any such exceptional legislation as applicable to the case before us. 6 An. 485.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment by the lower court be avoided and reversed, and that the rule taken by the said *A. F. Dunbar* against said *Austin Sumner & Co.* be dismissed as in case of a nonsuit, and that said *Dunbar* pay the costs in both courts.