Summary proceedings are only to be used when prescribed by law. Code Practice, Article 754.
No provision of law authorizes the administrator of a succession to recover property by rule or summary process. His remedy is by ordinary process.

APPEAL from the Second District Court of New Orleans, *Thomas*, J. *D. Augustin*, for appellant. *J. Ad. Rozier*, for appellee.

John Sims, in his capacity of administrator of the succession of Maira Moore, deceased, took a rule on Charles Ross, requiring him to show cause why he should not deliver to him certain articles of movable property, alleged to belong to the succession of Maria Moore, of the alleged value of $4,398, which it was claimed Ross held in his possession, and refused to deliver to the administrator. Ross, by his counsel, excepted to the form of proceeding, and claimed that the administrator had no authority to proceed against him by rule or summary proceeding. Upon the hearing of the rule, the Court overruled the exception, and rendered judgment against Ross for $100. The administrator, dissatisfied with the judgment, appealed.

HYMAN, C. J. A rule was taken by the administrator of the succession of Maria Moore, deceased, on Charles Ross, for him to show cause why certain movable property in his possession, claimed as belonging to said succession, should not be delivered by him to the administrator.

Ross, by exception, objected to this mode of proceeding. His exception was overruled, and judgment was rendered against him.

From the judgment the administrator appealed.

Summary proceedings are only to be used when prescribed by law. Code Practice, Art. 754.

No provision of law authorizes the administrator of a succession to recover property by summary process. His remedy is by ordinary process. See 8 An. 11.

It is decreed that the judgment of the District Court be reversed, that the exception be sustained, and that the rule be discharged. The succession to pay costs.