### No. 9256.

### SUCCESSION OF KATE TOWNSEND.

### ON RULE TO EJECT MOLLIE JOHNSON.

The powers of a probate court over property claimed as belonging to a succession under administration are purely jurisdictional in their character. They do not authorize the judge, on his own motion, to deal directly with the property. He can neither make nor revoke titles or leases, of his own accord. His powers must be set in motion by a proper

litigant in due form of proceeding; and, when they affect the adverse rights or posses-sion of third persons not connected with the succession, the ordinary action by petition and citation must be resorted to.

Even a trespasser is protected in his possession until his trespass is established by due proof at the demand of one who shows some better right in himself, in a proper suit. He cannot be ousted on a proceeding by rule—still less by an *ex-parte* order of court.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*J. Ad. Rozier*, Attorney of absent heirs.

*Geo. L. Bright* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   On April 24, 1884, the judge of division B, Civil District Court, of his own motion, entered the following order: "It is ordered by the court that Mollie Johnson do show cause on Friday, 2nd of May, 1884, why she should not be ejected from the premises No. 40 Basin street, the property of this succession, on the ground that she is a trespasser on said premises,.and on the ground that she is carrying on a lewd commerce in the said premises, to the reproach and disgrace of the administration of justice, the said premises being under the control and jurisdiction of this Court.   It is further ordered that the counsel for absent heirs and the public administrator summon the necessary witnesses."

The defendant in rule, Mollie Johnson, appeared by counsel, and excepted :

1. To the authority of the judge of his own motion, to institute such a proceeding against her.

2. To the form of the proceeding by rule.

3. To the power of the judge to try and determine an issue in which he was himself the sole actor.   She further filed answer denying generally the facts set forth in the rule ; alleging that she had long prior thereto leased the property from Leon Lamothe, the possessor and apparent owner of the property under a public authentic title, for one year, beginning on December 15, 1883, and ending on December 14, 1884, and in compliance with the terms of the lease, had furnished him her negotiable promissory notes for the entire term, and, had been in possession under said lease, and could not be lawfully ejected therefrom in such a proceeding.

The judge overruled the exceptions, tried the rule on the merits, and rendered judgment making the same absolute and ordering the civil sheriff to eject Mollie Johnson from the premises.

From this judgment the present appeal is taken.

The proceeding is certainly anomalous and extraordinary.

The evidence received on the trial disclosed : That Troisville Sykes, who was the testamentary executor of the will of Kate Townsend, was also appointed by said will her sole heir and universal legatee ; that he had executed an authentic act of unconditional acceptance of the inheritance ; that he had sold this property, No. 40 Basin street, to Leon Lamothe, by authentic act and for valuable consideration ; that Lamothe had entered into possession under the sale ; that he had leased the property to Mollie Johnson for a year as heretofore stated ; that she had entered into possession under said lease, had paid the rent for several months, and had her negotiable notes outstanding for the future rents.

The pivotal allegations of the rule are :

1. That the house, No. 40 Basin street, is the property of the succession of Townsend.

2. That Mollie Johnson is a trespasser thereon.

To maintain these allegations, it is necessary to determine : That the acceptance of the succession by Sykes, is a nullity, in the absence of Sykes ; that the sale from Sykes to Lamothe is a nullity, in the absence of Lamothe ; that the lease from Lamothe to Mollie Johnson is a nullity, in like absence of Lamothe ; to determine these questions in a proceeding by rule ; to determine them in a rule taken by the judge himself, who is to pass upon the truth of allegations which he alone has made, and on issues in which he is himself the actor.

Such proceedings do not present the " due process of law " contemplated by the Constitution.

By his zeal for morality and eagerness to protect the rights of possible claimants to this succession, the judge has been carried away into a misapprehension of his powers and duties.

The judicial function does not involve the offices of a detective or a prosecutor. Justice sits with attentive ears, but, she speaks only when appealed to, and to those alone who invoke her aid. She is not a Cassandra babbling her oracles in the general ear, but, rather like the priestess Pythia, she sits demurely in her sacred temple and opens her prescient lips only to those who seek her there, and, with due observance, implore her speech.

Whatever be the powers of a probate judge over property belonging to a succession under administration in his court, they are purely jurisdictional in their character. They do not authorize him, of his own motion, to deal directly with the property. He can neither make

nor revoke titles or leases. His powers must be duly set in motion by a proper litigant in due form of pleading; and when they affect the adverse rights or possession of third persons not connected with the succession, the requirements of the ordinary action by petition and citation must be complied with.

Even a trespasser is protected in his possession until his trespass is established by due proof at the demand of one who shows some better right in himself in a suit regularly brought. To all others, "*possideo quia possideo*" is a sufficient answer. He cannot be ousted under a proceeding by rule, still less by an *ex parte* order of court.

See generally on these subjects as to power of probate courts: Montamat vs. Deban, 2 N. S. 392; Casanoon vs. Acosta, 1 La. 183; Lesassier vs. Lesassier, 15 La. 55; Lavigne vs. Chalambert, 11 La. 18; Hemken vs. Ludowig, 12 Rob. 188; as to proceedings against trespassers, Sassman vs. Aimé, 9 O. S. 257; De Armas vs. Mayor, 5 La. 183; Heistand vs. Forsyth, 12 Rob. 372; Patin vs. Blaise, 19 La. 400; Thomas vs. Turnley, 3 Rob. 206; as to proceeding by rule, Fischel vs. Mercier, 32 Ann. 704, and authorities there cited.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and, that there be judgment in favor of Mollie Johnson, defendant in the rule to eject, discharging said rule, costs in the lower court and those of this appeal to be paid by the succession of Kate Townsend.

### On Application for Rehearing.

We have attentively considered this application, which recapitulates with great force the various particular circumstances which, in the opinion of the district judge, made this case an exceptional one, and induced him to interfere in the manner condemned by us.

We did not, and do not, consider that these circumstances could avail in law to support the proceeding; yet we are conscious that the omission of all allusion to them in our original opinion tends to expose the course of the district judge to a censure which it did not deserve, and which we were far from intending to cast upon it.

We do not deem it necessary now to repeat these circumstances; but, in justice to the judge, we have pleasure in saying that they were of a character to lend a strong color of reason and justice to his proceeding and calculated to influence the judgment of a magistrate. It was only under the stress of our own conviction, that particular cases must submit to universal principles and that "hard cases are apt to make bad law," that we felt compelled to reverse the judgment.

Rehearing refused.