161 So. 599

**CALCASIEU BUILDING & LOAN ASS'N v. GOUDEAU et al.**

No. 32796.

April 29, 1935.

L. A. Goudeau, of Grand Coteau, for appellant.

Cline, Thompson & Lawes, of Lake Charles, for appellee.

HIGGINS, Justice.

This is a summary proceeding by the owner of certain real estate against L. A. Goudeau, to whom the plaintiff agreed in writing to sell the property, and the clerk of court for the parish of Calcasieu, as ex officio registrar of conveyances and recorder of mortgages, to have erased from the public records the registration and recordation of the contract to sell the property.

The petitioner alleges that on August 25, 1932, it entered into a written agreement with L. A. Goudeau to sell him certain real property on which it had a vendor's lien and mortgage, in the event that the plaintiff became the adjudicatee of the property at foreclosure sale; that on September 24, 1932, the sheriff, at public sale, sold the property to the plaintiff, and that the defendant L. A. Goudeau recorded the written agreement which was in the form of a letter; and that the agreement was wholly void and of no effect because plaintiff repeatedly called upon Goudeau to comply with the contract, but he declined to do so.

The prayer of the petition is as follows:

"Wherefore, petitioner prays for service hereof on the said L. A. Goudeau and the said E. Claude House, in his capacity as Clerk of Court and Ex-Officio Recorder of Calcasieu

Parish, Louisiana, ruling them and each of them to show cause on a date and day to be fixed by the Court, why the letter hereinabove described and a duplicate copy of which is attached hereto and made part hereof, and recorded in Book 261 at page 270 of the records of Calcasieu Parish, Louisiana, should not be cancelled and erased from said records.

"It prays finally for all needful orders and decrees, for costs and for full, general and equitable relief."

The trial court issued a rule against the defendants to show cause why the contract should not be canceled and erased from the parish records.

The defendant Goudeau filed exceptions of no right or cause of action on the ground that plaintiff was seeking to rescind, annul, cancel, and set aside a written contract between them, and that such action must be asserted in an ordinary and direct suit and not through summary process or by rule to show cause.

The trial court overruled the exceptions and the defendant Goudeau, reserving the benefit of them, filed answer denying the plaintiff's right to the relief sought.

On the merits there was judgment in favor of the plaintiff "against the defendants, L. A. Goudeau and E. Claude House, Clerk and Ex-officio Recorder, directing the said Clerk and Ex-officio Recorder to cancel and erase from the Mortgage and Conveyance records of the Parish of Calcasieu, the inscription of the letter described in the plaintiff's petition." Goudeau appealed.

There can be no doubt that this is an attempt on the part of the plaintiff to indirectly cancel and annul the written contract entered into with the defendant. The registering and recording of the written agreement between the parties could only be canceled and erased from the parish records in the event the court determined that the defendant Goudeau had breached his contract by failing to comply therewith. In short, the court had to annul and rescind the contract before it could legally order its erasure. The proper procedure through which a contract can be annulled and set aside because of the breach thereof is an ordinary suit where the defendant is entitled to citation and the usual delays of law in which to plead and answer. Articles 2047, 2130, Rev. Civ. Code; articles 754, 755, Code Prac.; Succession of Jamison, 108 La. 279, 32 So. 381; Succession of Gary, 120 La. 1028, 46 So. 12; Louisiana Digest, verbo "Obligations," § 134; State ex rel. Braswell v. Hallam et al., 150 La. 922, 91 So. 298.

In the instant case plaintiff did not pray that citation be served upon defendants and there was no citation served upon them. The plaintiff did not pray that the contract be annulled or rescinded. The prayer of the petition and the judgment cover only the subject of erasure of the recordation of the contract from the parish records. It is obvious that there cannot be a legal cancellation and erasure of the recordation and registration of the contract without first annulling and setting aside the contract itself and this can only be done in a regular suit.

It is our opinion that the exceptions of no right or cause of action are well founded.

The cases relied upon by plaintiff and cited by the district judge are Cappel v. Hundley, 168 La. 15–19, 121 So. 176, and Tharp v. Edmiston, 175 La. 1075, 145 So. 12. These authorities are not in point because they only relate to the cancellation, by rule or mandamus, of inferior mortgages where the property is sold under the first mortgage in a foreclosure proceeding.

Counsel for plaintiff have also referred us to the following authorities: Savage v. Holmes, 15 La. Ann. 334; State ex rel. Deblieux v. Recorder of Mortgages, 25 La. Ann. 61; Lanaux v. Recorder of Mortgages, 36 La. Ann. 974; State ex rel. Busha's Heirs v. Register of Conveyances, 113 La. 93, 98, 36 So. 900; State ex rel. Macheca v. Dunn, Recorder of Mortgages, 148 La. 460, 473, 87 So. 236, 241; State ex rel. Hurwitz et al. v. Recorder of Mortgages et al., 165 La. 334, 115 So. 582; State ex rel. Metropolitan Land Co. v. Recorder of Mortgages et al., 166 La. 271, 117 So. 145; State ex rel. Bond v. Register of Conveyances et al., 162 La. 362, 110 So. 559. These cases are not apposite here because they cover instances where a third person, who had no privity of contract with the owner, recorded an affidavit, statement, offer, or claim, which placed a cloud on the title of the owner of the property. The court in these cases held that mandamus was the proper remedy and procedure to cancel and erase such encumbrances.

For the reasons assigned, the judgment appealed from is annulled, the exceptions are sustained, and plaintiff's suit is dismissed. Plaintiff to pay the costs of both courts.

ROGERS, J., concurs in the decree.