FOURNET, Justice.
 

 Mrs. Cecile Bourgeois Authement Esteves obtained an ex parte order from the district judge on February 28, 1935, ordering relator, Joseph A. Esteves, to deliver to her and her son, Frank Esteves, a-certain insurance policy No. 1601080 of the Equitable Life Insurance Society of the United States, for the sum of $1,000.
 

 Subsequently, on motion of Mrs. Esteves and her son, an order was signed by the district judge, ordering the administrator to show cause on April 5, 1935, at 10:30 o’clock a. m. why the insurance policy should not be turned over to movers, alleged beneficiaries under the policy.
 

 Relator, having failed to appear at the hour fixed for the hearing, the rule was made absolute. A short time thereafter, counsel for relator appeared in court, and after explaining that he had been unavoidably delayed, he sought to have the case reopened for the purpose of filing an exception to the form of procedure, on the ground that there is no authority under our laws to proceed by rule or summary process to recover possession of or contest title to property.
 

 The trial judge refused relator’s request to reopen the case and the matter is now before us for review on writs of certiorari and prohibition granted by this court.
 

 It is the well-settled jurisprudence of this state that “the right to summary proceedings cannot be extended beyond the cases expressly authorized by law.” Succession of Jamison, 108 La. 279, 32 So. 381, 382. See, also, Code Prac. art. 754; Calcasieu Building & Loan Ass’n v. Goudeau, 182 La. 247, 161 So. 599, decided by this court on April 29, 1935; Baker v. Doane, 3 La. Ann. 434; Summer v. Dunbar, 12 La. Ann. 182.
 

 This case, therefore, presents for our consideration the sole question of whether or not summary process is authorized to recover possession of or contest title to property.
 

 In the Succession of Maria Moore, 18 La. Ann. 512, wherein there was a contest over movable property, this court held:
 

 “No provision of law authorizes the administrator of a succession to recover property by rule or summary process. His remedy is by ordinary process.” See, also, Succession of Gary, 120 La. 1028, 46 So. 12;
 
 *607
 
 Succession of Townsend, 37 La. Ann. 114, and Succession of Mielke, 8 La. Ann. 11; Succession of Carcagno, 43 La. Ann. 1151, 10 So. 251.
 

 We are, therefore, of the opinion that the summary procedure employed in this case was unauthorized by law and hence the judgment below is null and void.
 

 For the reasons assigned, the writs are perpetuated, and it is now ordered that the judgment of the lower court be annulled and set aside and the rule issued against' relator discharged; all costs to be paid by respondents herein.