This is a proceeding instituted by rule by the administratrices of the Succession of C.C. Pittman and Catherine Prestridge Pittman, against the defendant bank, Guaranty Bank Trust Company, to have it show cause why it should not restore and place to the credit of the succession, the amount of $200, being a part of a larger *Page 686 
sum on deposit in the name of C.C. Pittman at the time of his death, and alleged to have been illegally and without authority applied to the payment of a note of $200 which did not become due until three weeks after his death. The right of the bank is contested on the ground (1st.) that it is not the administrator of the succession and has no right to disburse the funds of the estate except on checks, which checks in this instance were never drawn, (2nd.) that any authority which might have arisen out of a mandate in the note signed by the decedent, C.C. Pittman, expired at the time of his death on April 6, 1940, and (3rd.) that the succession is insolvent to such an extent that the ordinary creditors will receive nothing and to permit the payment of the note in the manner the defendant bank has assumed would amount to an undue preference in its favor over all other creditors of the estate.
The motion was filed on April 28, 1941, and on the same day the district judge issued a rule nisi ordering the defendant bank to show cause on May 2, 1941, or four days later, why the relief prayed for should not be granted. Service of the rule was made the following day.
It does not appear why but it was not until May 17, 1941, the day after the rule had been fixed for trial, that the defendant made an appearance by filing an exception to the form of the action claiming that the plaintiffs were without right or authority to proceed by rule or by summary process. This exception was overruled and answer was then filed under reservation, in which the matter was put at issue and tried on an agreed statement of facts. Upon submission, the court rendered judgment in favor of the plaintiffs in rule making the same absolute and ordering the defendant to restore the sum of $200 to their credit as administratrices of the succession and to pay all costs incurred. From that judgment the defendant in rule has taken a suspensive appeal.
As no reasons were assigned by the trial judge for overruling the exception to the form of procedure we do not know on what ground or by what authority he did so. It has frequently been held that "the right to summary proceedings cannot be extended beyond the cases expressly authorized by law." In Succession of Esteves, 182 La. 604, 162 So. 194, this is said to be "the well-settled jurisprudence of this state" and several cases are therein cited. In Succession of Moore, 18 La.Ann. 512, which is also cited and quoted from in Succession of Esteves, supra, it is stated that "no provision of law authorizes the administrator of a succession to recover property by rule or summary process. His remedy is by ordinary process."
It seems to be contended that because of an allegation in the motion in the present proceeding to the effect that the funds of the succession are in the custody of the court and that the defendant in rule having interfered therewith, plaintiffs are afforded the right to summary process. This allegation however expresses merely a conclusion on the part of the movers and the record in the succession proceedings shows that this particular fund on deposit to the credit of the decedent, C.C. Pittman, in the defendant bank, has never been placed in custodia legis. As a matter of fact, it is listed in the inventory of the succession among other items of personal property as an "open account in Guaranty Bank Trust Company", and this very proceeding is to have that part of it which, it is alleged, has been illegally applied to the payment of a certain note of one of the decedents, restored to the succession. The fund on deposit in and in possession of the defendant bank is therefore personal property claimed by the administratrices as belonging to the succession and the sole object of their present proceeding is to have the condition of that property and its possession tested. This, they cannot do by rule but must proceed by ordinary action. Succession of Mielke, 8 La.Ann. 11.
It may be that the record as made up contains all that is necessary for the Court to pass on and decide the issue that is involved in the present controversy but we infer from a statement of the Court in the last cited case of Succession of Mielke, supra, that a similar situation might there have existed and that the parties even had consented to a final decision as though the question had been presented in the proper form of proceeding, and still the Court refused to render such a decision stating: "We have, on some occasions, adjudicated upon matters in litigation in the form of a rule and answer, under the consent of parties, when the form of proceeding would hardly justify it, in order to terminate matters submitted to us. It is obvious, however, that any mode of *Page 687 
proceeding which does not carry with it the elements of res judicata, ought not to be encouraged by Courts, and that alone ought to be followed which conforms to the law of actions."
For the reasons herein stated it is now ordered that the judgment appealed from be annulled and set aside, that the exception to the form of procedure be sustained and that the rule issued against the defendant, Guaranty Bank Trust Company, discharged at the costs of the movers therein.