**35 So.2d 739**

### HOUEYE v. ST. HELENA PARISH SCHOOL BOARD.

No. 38469.

April 26, 1948.

Rehearing Denied June 1, 1948.

Bolivar E. Kemp, Dist. Atty. and Duncan S. Kemp, Asst. Dist. Atty., both of Amite, and Reid & Reid, of Hammond, for defendant-appellant.

Ponder & Ponder, of Amite, for relator-appellee.

FOURNET, Justice.

Emmett Erwin Houeye, who was discharged as the principal of the Woodland

High School by the St. Helena Parish School Board under resolution adopted on April 10, 1946, instituted mandamus proceedings in the district court of that parish to compel the board to rescind its resolution and reinstate him at the salary of $215 a month from the date of his discharge. The school board is appealing from a judgment of the district court annulling the resolution and ordering the plaintiff reinstated.

In the lower court, before answering, the school board excepted to the procedure being employed by the plaintiff, contending that his pleading disclosed neither a cause nor a right of action for the reason that his remedy under the Teacher's Tenure Act, Act No. 250 of 1944, was by appeal to the court, which must be by ordinary proceedings. In this court the board is re-urging these exceptions.

■ The writ of mandamus is defined in the Code of Practice to be "an order issued in the name of the State by a tribunal of competent jurisdiction, and addressed to an individual or corporation, or court of inferior jurisdiction, directing it to perform some certain act belonging to the place, duty or quality with which it is clothed." Article 829. It only lies to compel the performance of duties that are purely ministerial in nature, and when they are so clear and specific that no element of discretion is left in their performance. When the acts or duties are such that they necessarily call for the exercise of judgment and discretion by the officer or body

at whose hands their performance is required, this remedy will not lie. State ex rel Daboval v. Police Jury, 39 La.Ann. 759, 2 So. 305; Badger v. New Orleans, 49 La. Ann. 804, 21 So. 870, 37 L.R.A. 540. And it is the well settled jurisprudence of this court that the right to resort to summary proceedings (as the plaintiff did in this case) cannot be extended beyond the cases expressly authorized by law. Article 754 of the Code of Practice; Baker v. Doane, 3 La.Ann. 434; Sumner v. Dunbar, 12 La. Ann. 182; Succession of Jamison, 108 La. 279, 32 So. 381; Calcasieu Building & Loan Ass'n. v. Goudeau, 182 La. 247, 161 So. 599; and Succession of Esteves, 182 La. 604, 162 So. 194.

■ A mere reference to the act under which these proceedings were instituted, Act No. 250 of 1944, will show that neither mandamus nor summary proceedings are authorized. After detailing the procedure to be followed in removing or disciplining a permanent teacher, the act provides that the teacher so removed or disciplined "may, not more than one year from the date of said finding by the said school board, petition a court of competent jurisdiction for a full hearing to review the action of the said school board, and the said court shall have jurisdiction to affirm or reverse the action of the said school board in the said matter." Section 1, amending Section 48 of Act No. 100 of 1922. Clearly, therefore, the trial judge erroneously overruled the exception filed by the defendant.

For the reasons assigned, the judgment of the lower court is annulled and set aside and it is now ordered, adjudged, and decreed that plaintiff's suit be dismissed, at his cost.

PONDER, J., recused.