PIERGET, Judge.
Defendant appealed from a judgment against it in favor of the State of Louisiana ex rel. Louisiana State Pharmaceutical Association wherein the Trial Court made an alternative writ of mandamus peremptory to the extent of ordering the Louisiana Board of Pharmacy to hold a hearing within 60 days from June 29, 1962 with reference to a pharmacist certificate issued to L. J. Bajón.
In the petition filed by Plaintiff it alleged Defendant had issued a Registered Pharmacist Certificate to Mr. Bajón in the month of June, 1961 despite the fact Mr. Bajón was not a graduate of an approved college of pharmacy in accordance with LSA-R.S. 37:1179; that Mr. Bajón, not being a graduate of an approved college of pharmacy, therefore did not possess the qualifications and requirements as provided by law.
In its original petition Plaintiff prayed that Defendant be ordered and commanded to annul, revoke and cancel the certificate, or, in the alternative, that the Board be ordered to call a hearing, give notice of said hearing to Mr. Bajón and order Mr. Bajón to show cause why his license should not be revoked.
Defendant filed exceptions to the procedural capacity and of nonjoinder of L. J. Bajón as a necessary party defendant and further excepted that the action sought to be enforced was not a ministerial duty.
Plaintiff filed a supplemental and amended petition in which it abandoned the prayer to have canceled the certificate of Mr. Bajón and restricted its prayer to that of ordering the Board to have a hearing, notifying Mr. Bajón, for the purpose of annulling,, revoking and canceling his pharmaceutical certificate.
The exception to the procedural capacity in which Plaintiff appeared is without merit. Offered in evidence in the trial was a resolution of the Board of Directors of Plaintiff which, though not specific, apparently authorizes the institution of this suit.
The relief sought, that is for the issuance of a mandamus requiring the Board to hold a hearing for the purpose of revoking the license of Mr. Bajón, presents, in our opinion, a serious issue.
Defendant, in its answer, asserted that the conditions of LSA-R.S. 37:1200 make no provisional requirement for the Board of Pharmacy to revoke the certificate in question. That Article reads as follows;
“After due notice and opportunity for hearing, the board may suspend or revoke any license or any certificate of registration of any registered phar *516 macist or qualified assistant for any of the following causes:
“(1) When the registration or qualification is found to have been obtained by fraudulent means;
“(2) When the registrant has been convicted of felony, or is found by the board to be guilty of gross immorality, or addicted to the liquor or drug habit to such a degree as to render him unfit to fill, compound, sell or dispense drugs and medicines;
“(3) When the registrant is found to have continually violated the rules and regulations of the board, or to have knowingly permitted anyone in his employ or under his supervision to violate any of the provisions of this Chapter; or
“(4) When information in possession of the board discloses that the operations for which the permit was issued are not being conducted in accordance with the rules and regulations of the board or with the provisions of this Chapter, or are being conducted so as to endanger public health or safety.”
It will readily be seen from a reading of the grounds for a suspension or revocation as shown above,, the cause Plaintiff seeks to have the Board ordered to hold a hearing to revoke the certificate it alleges was improperly issued to Mr. Bajón is not included therein. We therefore are presented with a case wherein, admittedly, a Registered Pharmacist Certificate was issued to Mr. Bajón, and to revoke same the Board is restricted to act only in instances enumerated in the above quoted Article.
In 53 C.J.S. Licenses § 44, at page 651 we find:
“A license may be revoked for the specific reasons enumerated by statute or ordinance, but, where the act or ordinance enumerates the causes for which a license may be revoked, it cannot be revoked for any cause not enumerated. * * * ”
In Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739, in characterizing and limiting the application of the writ of mandamus, the Supreme Court, at page 740 of 35 So.2d, said:
“ * * * It only lies to compel the performance of duties that are purely ministerial in nature, and when they are so clear and specific that no element of discretion is left in their performance. When the acts or duties are such that they necessarily call for the exercise of judgment and discretion by the officer or body at whose hands their performance is required, this remedy will not lie. State ex rel. Daboval v. Police Jury, 39 La.Ann. 759, 2 So. 305; Badger v. New Orleans, 49 La.Ann. 804, 21 So. 870, 37 L.R.A. 540. And it is the well settled jurisprudence of this court that the right to resort to summary proceedings (as the plaintiff did in this case) cannot be extended beyond the cases expressly authorized by law. Article 754 of the Code of Practice; Baker v. Doane, 3 La.Ann. 434; Sumner v. Dunbar, 12 La.Ann. 182; Succession of Jamison, 108 La. 279, 32 So. 381; Calcasieu Building & Loan Ass’n v. Goudeau, 182 La. 247, 161 So. 599; and Succession of Esteves, 182 La. 604, 162 So. 194.”
The validity vel non of the Registered' Pharmacist Certificate issued to Mr. Bajón is not before us for consideration, nor do we in this decision make any determination of such question. This appeal is restricted to our conclusion that mandamus does not lie to attain the relief Plaintiff seeks herein. In our opinion, the action Plaintiff seeks to have the Board mandated to perform cannot be categorized as a ministerial function and, accordingly, mandamus does not lie.
Reversed.