179 So.2d 900

**PITTMAN CONSTRUCTION COMPANY**

**v.**

**The HOUSING AUTHORITY OF
NEW ORLEANS.**

No. 47812.

Nov. 8, 1965.

Reuter, Reuter & Schott, J. Richard Reuter, Jr., Patrick M. Schott, New Orleans, for relators.

Deutsch, Kerrigan & Stiles, Malcolm W. Monroe, Ralph L. Kaskell, Jr., New Orleans, for respondents.

HAWTHORNE, Justice.

This case is before us under our supervisory jurisdiction to review a judgment of the Civil District Court for the Parish of Orleans, Division "F", only insofar as it overruled a dilatory exception filed by relators, Pittman Construction Company, Pittman Construction Company, Inc., Theodore A. Pittman, and Albert E. Pittman, which alleged that the use of summary process by the law firm of Deutsch, Kerrigan & Stiles was unauthorized.

Relators, the Pittmans, entered into a contingent fee contract with the respondent attorneys for legal services to be rendered with respect to certain disputes existing between the Pittmans and the Housing Authority of New Orleans. After long and protracted litigation the attorneys were successful in obtaining a judgment in favor of the Pittmans. In satisfaction of this final judgment the housing authority delivered to the attorneys a certified check for $937,297.67, drawn on the Bank of New Orleans & Trust Company and made payable to the attorneys and the judgment creditors, the Pittmans. A dispute arose between the Pittmans and the attorneys as to the amount of the fee due the attorneys under the contingent fee contract. The attorneys took the position that the fee due under this contract was $241,686.10, and that since $10,000.00 had been paid as a retainer fee, there was a balance due of $231,686.10 plus interest and costs. The Pittmans on the other hand contended that under their interpretation of the contract the amount of the fee was only $70,125.71, of which they had already paid a $10,000.00 retainer.

On March 25, 1965, the attorneys instituted summary proceedings in the suit in which judgment had been rendered, and obtained an order of the court authorizing them to deposit the check of the housing authority in the registry of the court, and commanding the Pittmans to show cause on April 30, 1965, why the fee for legal services rendered to date should not be fixed at $231,686.10 with legal interest from March 22, 1965, until paid, with full recognition of the first privilege and retaining lien of the attorneys on the judgment rendered in the Pittmans' favor against the housing authority and on the judgment funds deposited with the court, and further commanding the Pittmans to show cause why they should not be ordered to endorse the check so that the privilege of the attorneys might be discharged out of these funds.

On March 30 the Pittmans sought and obtained a rule on the attorneys to show cause why they should not be permitted to file or deposit with the clerk of court a bond in an amount to be fixed by the court, and upon the filing of this bond why the check of the housing authority should not be endorsed in blank by the attorneys and delivered to them, and why this bond should not be substituted in lieu of the check in order to secure the claim of the attorneys for their fee, interest, and costs and to protect and indemnify the attorneys from any loss of their first privilege and retaining lien, the bond to stand in the stead, place, and lieu of the check and with the same effect as though the check had not been withdrawn.

In their motion for this rule the Pittmans alleged that they sought to substitute the bond for the check so that they could comply with the final judgment which they had obtained in the housing authority case, whereby they were ordered to pay various amount to certain named subcontractors and deposit certain moneys and funds in the registry of the court upon receipt by them of the funds paid in satisfaction of the final judgment obtained by them against the Housing Authority of New Orleans. In this motion the Pittmans specifically recognized and conceded that the attorneys had a privilege and retaining lien for their attorney's fees and court costs on the judgment and the funds resulting therefrom. They further alleged in this motion that they desired to pay the amount they contended was due to the attorneys, and desired to make this payment without prejudice of any nature to the rights of the attorneys to have the total amount of their fees passed upon by the court in an appropriate proceeding. On March 31 the Pittmans did pay to the attorneys a fee in the amount of $60,125.-71, the balance which they conceded to be due the attorneys and over which there was no issue.

In this motion for the rule the Pittmans specifically reserved to themselves their right to object to any summary proceedings

to determine the amount of the fee that might be due to the attorneys.

A hearing was had on this Pittman motion, and on April 8, 1965, it was dismissed.

On April 23, 1965, the Pittmans filed a dilatory exception in which they alleged that the attorneys were attempting the unauthorized use of summary process in their petition for a rule ordering the Pittmans to show cause why the fee for services rendered should not be fixed at $231,686.10, etc.[1]

On April 26 the Pittmans filed a motion for another rule in which they again reserved their right to object to summary process and recognized the attorneys' lien and privilege; and they obtained an order directing the attorneys to show cause why they should not be ordered to endorse the check which was in the registry of the court and why $195,000.00 of the proceeds should not remain in the registry of the court pending determination of the claim for fees and why the balance of $742,297.67 should not be delivered to the Pittmans. The attorneys answered this rule praying that a hearing on it be deferred until their own rule was determined, or in the alternative "that upon the consent of Pittman to the summary determination of the first privilege, retaining lien and fees * * * an

appropriate order be entered herein directing * * *" an endorsement of the check by all parties to the clerk of court, $195,000.00 to be retained in the registry of the court subject to the attorneys' claim and the balance to be paid without delay to the Pittmans.

After a hearing on this last rule of the Pittmans the court rendered the following judgment on April 30:

It ordered the payees of the housing authority check to endorse this check without recourse to the order of the clerk of court, and ordered that "the Clerk of this Court shall retain in the Registry of this Court, the sum of $195,000.00, subject to and with a full reservation of the first privilege, retaining lien and claims of Deutsch, Kerrigan & Stiles, for attorneys' fees earned in the above entitled and numbered cause [Pittman Construction Company v. The Housing Authority of New Orleans], together with interest and costs, all with the same effect as though said check were still on deposit in the Registry of this Court, and subject to the further orders of this Court.

"(5) That the Clerk of this Court pay to Pittman Construction Company, Theodore A. Pittman and Albert E. Pittman, the balance of said check (after retaining $195,-

---

1. The attorneys' petition for a rule was fixed for trial for April 30, 1965. This dilatory exception to it, filed on April 23, was therefore timely filed under Article 2593 of the Code of Civil Procedure, which provides that such opposition shall be filed prior to the time assigned for the trial.

000.00, which shall be retained in the Registry of this Court) amounting to $742,297.67.

"(6) The Dilatory Exception filed April 23, 1965, herein to the rule of Deutsch, Kerrigan & Stiles, to determine fees and privilege of Deutsch, Kerrigan & Stiles (filed March 25, 1965) be and the same is hereby overruled."

Following this judgment the Pittmans made application to the Court of Appeal for writs to review only that portion of the judgment which was adverse to them—that is to say, the district court's overruling of their dilatory exception to the alleged unauthorized use of summary proceedings by the attorneys. The Court of Appeal denied writs with the comment that the showing was insufficient to warrant the granting of supervisory relief. The Pittmans then applied to this court for writs, which were granted, and the case is now before us under our supervisory jurisdiction.

At the outset, it should be noted that the Pittmans throughout these proceedings have specifically recognized and conceded that the attorneys have a privilege and retaining lien for their fees and court costs on the judgment and the funds resulting therefrom. Moreover, the judgment itself recognized this lien and privilege, and this portion of the judgment is now final. The privilege of the attorneys in the instant case has been fully protected, and the clients have made no effort, and have expressed no desire, to deprive them of security for their disputed fee. In short, there has never been any issue as to the existence of the attorneys' lien and privilege; the dispute between the attorneys and the clients arose over the amount of the fee due the attorneys for their legal service in the housing authority litigation.

In each motion for a rule filed by the Pittmans they specifically reserved to themselves the right to object to any summary proceedings to determine the amount of the fee that might be due the attorneys, and their dilatory exception to the rule obtained by the attorneys was timely filed under Article 2593 of the Code of Civil Procedure.

Under Article 2591 of the Code of Civil Procedure "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings." Article 2592 of this Code provides:

"Summary proceedings may be used for the trial or disposition of the following matters *only*:

"(1) An incidental question arising in the course of litigation;

" *   *   *

"(3) An issue which may be raised properly by  *   *   *  rule to show cause;

" *   *   *

"(7) All other matters in which the law permits summary proceedings to be used." (Italics ours.)

■ None of the matters in which the Code authorizes the use of summary proceedings includes an attorney's proceeding against his client to have the amount of his fee determined or fixed. Certainly the contest here cannot be considered as an incidental question arising in the course of the litigation between the Pittmans and the housing authority. It arose as a result of that litigation, but is a separate controversy unrelated to it.

Moreover, under the facts, circumstances, and issues of this case there is no showing that the dispute over the amount of the fee is one which may be properly raised by rule to show cause.

■ We do not consider that this case concerns one of the "other matters" in which the law permits summary process to be used. In Houeye v. St. Helena Parish School Board, 213 La. 807, 35 So.2d 739, decided before the enactment of the Code of Civil Procedure, this court said: "* * * it is the well settled jurisprudence of this court that the right to resort to summary proceedings * * * cannot be extended beyond the cases expressly authorized by law. Article 754 of the Code of Practice; Baker v. Doane, 3 La.Ann. 434; Sumner v. Dunbar, 12 La.Ann. 182; Succession of Jamison, 108 La. 279, 32 So. 381; Calcasieu Building & Loan Ass'n v. Goudeau, 182 La.

247, 161 So. 599; and Succession of Esteves, 182 La. 604, 162 So. 194."

The new Code of Civil Procedure permits the use of summary proceedings *only* in certain matters, including (Subsection 7) those in which the law permits summary proceedings to be used. In this subsection the new Code omits the words "expressly prescribed by law" found in the old Code of Practice (Art. 754), and the redactors in the official comment say that the omission of these words permits the court in each instance to give effect to the legislative intent where necessary. The respondent attorneys in the instant case, however, have not cited any statute of this state which permits summary proceedings to be used under the facts of this case, nor do we know of any law from which the court could find that it was the intention of the Legislature to authorize or permit summary process in the matter of the present case.

Since we find that the attorneys in the instant case are not entitled to proceed summarily for determination of the amount of their fees, we conclude that the district judge erred in overruling the dilatory exception filed by the Pittmans.[2]

There may be cases presenting facts and circumstances which would cause the court, under its inherent power to protect attorneys as officers of the court, to use sum-

2. The cases, from other jurisdictions relied on by the attorneys here present issues and circumstances so different from those

of the instant case that we do not consider them persuasive.

mary process to protect attorneys' right to be paid out of the judgments they secure, and to protect their privilege thereon.[3] The present case is not such a case.

■ The respondent attorneys argue that the Pittmans have waived their right to object to summary process by appearing and seeking their own summary process on two occasions. In each of these appearances, however, the Pittmans were careful to specifically reserve their right to object to the determination of the attorneys' fees by summary process. Respondents further contend that the Pittmans have acquiesced in the judgment by endorsing the check and complying with the other provisions of the judgment. The Pittmans complied only with the portions of the judgment that were favorable to them and sought writs on that portion of the judgment which was detrimental to them.

■■ Waiver and acquiescence are both founded on equitable principles, and the equities of this matter, when the record as a whole is considered, are with the Pittmans. At no time have the Pittmans denied the existence of the attorneys' privilege and retaining lien or attempted to defeat this lien. They have voluntarily paid the attorneys the fee which they consider due under the contract; they sought and obtained an order

leaving in the registry of the court an amount sufficient to cover the attorneys' claim, all subject to the privilege and retaining lien, and they sought for themselves only the remaining amount of the housing authority judgment so that they might pay and discharge their obligation to subcontractors and others.

■ Under the circumstances the acts of the Pittmans cannot be construed as a voluntary and intentional relinquishment of a known existing legal right which except for waiver they would have enjoyed, or construed as an intentional acquiescence in that portion of the judgment which was prejudicial and adverse to them. Moreover, the attorneys ought not to be able to use the advantage they had of possessing a check made payable jointly to them and the Pittmans to compel the relators to submit to summary process for the settlement of their dispute over the fees. The inequitable advantage that the attorneys had of being able to tie up the whole judgment ought to be susceptible of removal by summary process without the relators being forced to waive their right to object to the determination of the attorneys' fees by summary process.

What was said in the case of Breaux v. Laird, Jr., 230 La. 221, 88 So.2d 33, is pertinent here:

3. See Butchers' Union Slaughterhouse and Live Stock Landing Company v. Crescent City Live Stock Landing and Slaughterhouse Company, 41 La.Ann. 355, 6 So. 508.

"Though there are various definitions of the term 'waiver', it can be comprehensively defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed. It is recognized that the terms 'waiver' and 'estoppel in pais' are closely related, the line of demarcation between them being slight, both partaking of the same elements and essentially the same relief.

"The doctrine of waiver or estoppel contravenes the legal rights of the person sought to be estopped, and in some instances stays the operation of the usual proceedings in the adjustment of rights of individuals, and for that reason should, in every instance, be applied with great care and caution. Our courts and other jurisdictions universally hold that this doctrine should be applied only in exceptional cases where its application is necessary to effectuate justice or prevent injustice, and should not be applied where it will serve as an instrument of, or operate as, a fraud, be against good conscience, work injustice or accomplish a wrong. * * *

"The promotion and enforcement of fair dealing and the prevention of undue advantage are equally involved in the application of the equitable doctrine of waiver or estoppel, and pleas of this doctrine can be of no avail to the party urging same unless he has been clearly misled to his detriment or injury by the actions or conduct of the party against whom the plea is urged. * * "

For the reasons assigned the judgment of the district court only insofar as it overruled the dilatory exception filed by the Pittmans is annulled and set aside, and it is ordered that this dilatory exception be sustained and the summary proceedings of the respondent attorneys be dismissed. The judgment in all other respects is final. Respondents are to pay all costs of these proceedings.

SUMMERS, J., concurs in the decree.

HAMITER, J., dissents with written reasons.

HAMITER, Justice (dissenting).

Admittedly, in this cause the attorneys possessed a first privilege and retaining lien on the entire judgment recovered by the Pittmans against the Housing Authority of New Orleans, this by reason of the services rendered to and for their client in the lengthy and protracted litigation engaged in prior to such recovery. Hence, seemingly, the question respecting the amount of the fee due them is an incidental one arising in the course of the litigation—one contemplated by Paragraph (1) of Article 2592 of the Code of Civil Procedure.

But be that as it may it is certain, in my opinion, that the Pittmans effectively and irrevocably waived whatever right they

might have had to complain of the summary proceedings when they fully and completely acquiesced in the indivisible judgment rendered by the district court on April 30, 1965. That judgment (as pointed out in the majority opinion) not only authorized payment to the Pittmans of the greater part of the funds deposited in court as a result of the summary matter but it also overruled the dilatory exception which had challenged the attorneys' right to proceed summarily; and upon the withdrawal of such funds by the Pittmans (thereby reducing the attorneys' first privilege and retaining lien by the amount of the withdrawal) they likewise impliedly (if not expressly) consented to the overruling of their dilatory exception.

I respectfully dissent.